JAIKINS *v.* JAIKINS

1. DIVORCE—ALIMONY—MODIFICATION—CHANGED   CIRCUMSTANCES—
   EVIDENCE.
   An alimony award may be modified upon a showing of changed
   circumstances; however, a mere assertion, unsupported by an
   affirmative showing of changed circumstances, is not sufficient.

2. DIVORCE—ALIMONY—MODIFICATION—CHANGED CIRCUMSTANCES.
   Denial of plaintiff's motion to terminate alimony was not error
   where plaintiff did not attempt to offer any proof that there
   had been a change in circumstances warranting such termina-
   tion.

Appeal from Oakland, Frederick C. Ziem, J.   Sub-
mitted Division 2 September 5, 1971, at Lansing.
(Docket No. 10442.)   Decided October 27, 1971.

James W. Jaikins, Jr., plaintiff, moved to modify
a divorce judgment by terminating alimony pay-
ments to Marian E. Jaikins, defendant.   Motion de-
nied.   Plaintiff appeals.   Affirmed.

*James G. Hartrick,* for plaintiff.

*Smith, Magnusson, Anderson & Chartrand,* for de-
fendant.

Before: QUINN, P. J., and DANHOF and TARGON-
SKI,[*] JJ.

[*] Former circuit judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Divorce and Separation §§ 675–690.

PER CURIAM. The question presented is whether the trial court erred in refusing to modify a judgment of divorce by terminating alimony. We hold that there was no error.

The sequence of events immediately preceding this appeal is as follows: the defendant sought modification of the judgment in a number of respects. She also sought an order holding the plaintiff in contempt. The plaintiff opposed the defendant's request and as affirmative relief sought a termination of alimony. On August 19, 1970, a hearing was held in the Oakland County Circuit Court. The circuit court disposed of a number of issues at this hearing, but the only ruling before us on appeal is the denial of the motion to terminate alimony. The only witness at the hearing was the defendant; the plaintiff did not attempt to offer any proof. Shortly before the conclusion of the hearing the plaintiff requested a ruling on his motion to terminate alimony. The trial court denied the motion.

An alimony award may be modified upon a showing of changed circumstances. However, there must be a showing of changed circumstances, not merely an allegation. A mere assertion, unsupported by an affirmative showing of changed circumstances, is not sufficient to show changed circumstances. *Ashburn* v. *Ashburn* (1951), 329 Mich 314. In this case the plaintiff sought a ruling on his motion without attempting to prove his case. The denial of the motion was not error.

Affirmed.