## MOFFAT v MOFFAT

Docket No. 47365. Submitted October 6, 1980, at Escanaba.—Decided
November 25, 1980, and after grant of rehearing, on January
26, 1981.

Tamara B. Moffat obtained a judgment of divorce from James D.
Moffat. Defendant appealed. The Court of Appeals affirmed the
judgment of the trial court relative to the disposition of trust
funds inherited by defendant and further determined that a
final judgment had not been entered regarding the relative
rights of the parties in the equity of the marital home, house-
hold furnishings, and wedding gifts. The trial court subse-
quently awarded plaintiff the equity in the marital home and
the household furnishings and raised defendant's alimony and
support obligations, Marquette Circuit Court, John E. McDon-
ald, J. Defendant appeals, alleging that the trial court abused
its discretion in awarding the marital assets, that the accrued
temporary child support and alimony awards became merged
in the final judgment, that the trial court erred in altering its
prior judgment relative to the disposition of certain trust
accounts, in revising the child support and alimony awards,
and in failing to extinguish plaintiff's dower and insurance
rights. *Held:*

1. The trial court did not abuse its discretion in its distribu-
tion of the marital assets.

2. The temporary child support and alimony awards were not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 135, 868.
   24 Am Jur 2d, Divorce and Separation § 436.
[2] 24 Am Jur 2d, Divorce and Separation § 430.
[3] 24 Am Jur 2d, Divorce and Separation § 691 *et seq.*
[4] 24 Am Jur 2d, Divorce and Separation §§ 443 *et seq.*, 941.
   Spouse's acceptance of payments under alimony or property settle-
      ments or child support provisions of divorce judgement as pre-
      cluding appeal therefrom. 29 ALR3d 1184.
   Default, contempt, or other misconduct of husband as affecting
      modification of decree for separate maintenance. 6 ALR2d 835.
[5] 5 Am Jur 2d, Appeal and Error §§ 756, 991.
[6] 24 Am Jur 2d, Divorce and Separation §§ 665-667.

preserved by the terms of the final divorce judgment. Defendant is only liable for unpaid alimony and child support plus interest from the date of the original judgment.

3. The Court of Appeals expressly affirmed that part of the trial court's judgment relative to the award of the trust accounts in the property settlement in the previous appeal. That opinion acts as the law of the case in the trial court and is res judicata as to the disposition of the trusts. The trial court erred in altering its prior disposition of the trusts.

4. The trial court erred in revising the child support and alimony awards, no showing of a change in defendant's circumstances having been made.

5. The extinguishment of plaintiff's dower and insurance rights is ordered per plaintiff's stipulation.

Defendant subsequently applied for rehearing. The application was granted by the Court of Appeals and the Court further ordered:

The trial court's award of attorney fees is affirmed.

The source of the payment of the attorney fees shall be determined by the trial court.

Affirmed in part, reversed in part.

1. DIVORCE — APPEAL.

The Court of Appeals, although it reviews divorce cases *de novo,* will not substitute its judgment for that of a trial court absent an abuse of discretion.

2. DIVORCE — FINAL JUDGMENTS — INTERLOCUTORY ORDERS — COURT RULES.

A final judgment of divorce by its entry vacates all interlocutory orders awaiting compliance unless provision is otherwise made in the final judgment (GCR 1963, 726.1[4]).

3. DIVORCE — ALIMONY — CHILD SUPPORT — AMENDMENT OF JUDGMENTS — STATUTES.

A trial court in a divorce action may, upon the petition of either of the parties, amend a judgment as to alimony and support (MCL 552.17, 552.28; MSA 25.97, 25.106).

4. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION OF PROPERTY SETTLEMENTS — FRAUD.

A property settlement in a divorce action is not subject to judicial alteration in the absence of fraud.

5. Divorce — Appeal — Property Settlements — Law of the Case
— Res Judicata.

A decision of the Court of Appeals in an appeal of the terms of a
property settlement in a divorce action acts upon remand as
the law of the case in the trial court and is res judicata
regarding further disposition of the property involved.

6. Divorce — Alimony — Support — Modification of Judgments.

An increase in child support or alimony provisions contained in a
judgment of divorce is improper unless there has been a change
in circumstances and a hearing held at which such change
justifying an alteration of the judgment is established.

*Bridges & Collins* (by *Dennis Shafer*), for plaintiff.

*Seitz, Osstyn & Bays,* for defendant.

Before: J. H. Gillis, P.J., and Bashara and Cynar, JJ.

Per Curiam. This appeal results from a long
and protracted divorce proceeding initiated in
1977. A judgment was entered in March of 1978.
That judgment was appealed, and this Court af-
firmed the judgment as to the disposition of trust
funds inherited by defendant. *Moffat v Moffat*
(Docket No. 78-2069, decided July 25, 1979 [unre-
ported]).

Our Court further determined that a final judg-
ment had not been entered as to the parties'
relative rights in the equity of the home, house-
hold furnishings, and wedding gifts. The trial
court, in a supplemental order and judgment,
awarded the equity in the marital home, as well as
the furnishings, to the plaintiff. While the court
did not make a specific disposition as to the wed-
ding gifts, there is some record support that defen-
dant had disposed of the majority of them.

The trial court also raised the amount of sup-

port payments defendant was obligated to pay from $200 per month per child to $300 per month per child. The court also increased the amount of alimony from $300 per month to $400 per month.

Defendant raises several issues on appeal. He first contends that the trial court abused its discretion in awarding the marital assets. It is a fundamental rule that while this Court reviews divorce cases *de novo,* it will not substitute its judgment for that of the trial court absent an abuse of discretion. *Westrate v Westrate,* 50 Mich App 673; 213 NW2d 860 (1973), *lv den* 391 Mich 812 (1974).

While at first blush the awarding of the entire equity of the marital home and household furnishings to plaintiff may seem unduly harsh, the record supports the trial judge's conclusion in this regard. The defendant had not paid any of the support or alimony payments ordered by the court. The record also reveals that defendant had removed some of the household furnishings and disposed of many of the couple's wedding gifts. In light of these facts and the other circumstances of the parties, we cannot say that the trial court abused its discretion in the distribution of the property.

Defendant also argues that the accrued temporary child support and alimony awards became merged in the final judgment of divorce. The judgment of divorce was entered in March of 1978. No mention was made of any interlocutory orders as to support or alimony. A supplemental order and judgment was entered in September of 1979. That order granted judgment against defendant for child support payments due from December 28, 1977, and for alimony payments ordered from October 28, 1977.

GCR 1963, 726.1(4) states:

"The final judgment in the case shall by its entry vacate all interlocutory orders not yet complied with unless provision is otherwise made in the final judgment."

4 Honigman & Hawkins, Michigan Court Rules Annotated, p 378, in discussing the foregoing section, states:

"While this provision is included in the rule on attorney fees and expenses, it expressly applies to 'all interlocutory orders'."

Plaintiff contends that the reservation in the judgment retaining jurisdiction with respect to property disposition as well as provisions made for support and alimony did not make the judgment a final order. Therefore, she asserts that the trial court was not precluded from including temporary support and alimony arrearage in its supplemental order. However, we view the language contained in the March, 1978, judgment as being in compliance with MCL 552.17, 552.28; MSA 25.97, 25.106, authorizing the court to amend the judgment as to alimony and support in the future.

We, therefore, hold that the temporary child support and alimony awards were not preserved by the terms of the final divorce judgment. Hence, defendant is only liable for unpaid alimony and child support from March 21, 1978, the date of the original judgment, as well as interest only therefrom.

Defendant contends that the trial court erred in altering its prior judgment as to the disposition of the so-called "Louderman trust". In its original judgment, the "Louderman trust" was placed at plaintiff's disposal for the use and benefit of the minor children. The "collateral account", a second

trust account, was placed at plaintiff's disposal to receive child support, alimony, and to pay for medical and hospital insurance. Three thousand dollars was to be paid to plaintiff's father for reimbursement of a loan made during the pendency of the divorce, and $3,500 was to be paid for attorney fees.

In the absence of a showing of fraud, the initial terms of the property settlement as to the trusts may not be altered. *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976), *lv den* 397 Mich 863 (1976), *Boucher v Boucher,* 34 Mich App 213; 191 NW2d 85 (1971). Furthermore, this Court in *Moffat, supra,* expressly affirmed the judgment awarding the trusts as part of the property settlement. The opinion of this Court acts as the law of the case in the trial court and is res judicata as to the disposition of the trusts. Therefore, the disposition of the "Louderman trust" and collateral account ordered in the supplemental judgment is set aside. The disposition of the trust property and collateral account enunciated in the original judgment of March 21, 1978, is reinstated.

We are also in agreement with defendant's contention that the child support and alimony awards were improperly revised. We are in sympathy with the predicament of the trial judge, as the record reveals that the defendant was clearly contemptuous throughout the proceedings.

Nonetheless, there was no showing that defendant's circumstances had changed from the entry of the judgment of divorce in March of 1978. Absent a change in circumstances, and a hearing to reflect that change, an increase in child support or alimony is improper. *McCarthy v McCarthy,* 74 Mich App 105; 253 NW2d 672 (1977), *Jaikins v Jaikins,* 36 Mich App 664; 194 NW2d 33 (1971).

We, therefore, vacate the increase in child support and alimony payments as ordered in the supplemental order and judgment of September 5, 1979, and reinstate the amounts set forth in the judgment of March 21, 1978.

We are careful to note that the alimony and support provisions remain the responsibility of the defendant. Therefore, in the event that the "Louderman trust" and collateral account become exhausted, the defendant will still be liable for alimony and child support.

In summary, the judgment of the trial court as to the marital home and household furnishings is affirmed. The September 5, 1979, judgment regarding the "Louderman trust" and collateral account, as well as the child support and alimony provisions, are set aside. The relevant provisions of the March 21, 1978, judgment are reinstated. The arrearage of the defendant and interest thereon shall be computed only as of the date and terms of the 1978 judgment.

Finally, defendant points out that the trial court neglected to extinguish plaintiff's dower and insurance rights in the judgment of divorce. As plaintiff stipulates to the extinguishment of dower and insurance rights, it is so ordered.

Affirmed in part and reversed in part in accordance with this opinion. No costs, neither party having prevailed in full.

APPENDIX

AT A SESSION OF THE COURT OF APPEALS OF THE STATE OF MICHIGAN, Held at the Court of Appeals in the City of Detroit, on the

twenty-sixth day of January in the year of our Lord one thousand nine hundred and eighty-one.

Present the Honorable

JOHN H. GILLIS

Presiding Judge

GEORGE N. BASHARA, JR.

WALTER P. CYNAR

Judges

TAMARA BALLMAN MOFFAT,

Plaintiff-Appellee,

-v-                                 Docket No. 47365
                                    L.C. No. 77 8189 DM

JAMES DONALDSON MOFFAT,

Defendant-Appellant.

---

In this cause, an application for rehearing is filed by defendant-appellant, and an answer thereto concurring in the application for rehearing having been filed, and due consideration thereof having been had by the Court,

IT IS ORDERED that the application for rehearing be, and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the opinion in this cause be, and the same is hereby AMENDED by adding the following to said opinion:

"The trial court's award of attorney fees is affirmed."

This Court express no opinion as to whether the funds should be paid from the proceeds from the "Louderman trust," inasmuch as a prior panel of this Court affirmed the trial court's judgment as to the disposition of the trust funds. See *Moffat v Moffat*, Docket No. 78-2069, released July 25, 1979.

IT IS FURTHER ORDERED that any further disposition as to the source of payment of attorney fees shall be determined by the trial court.