GOTTSCHALK v GOTTSCHALK

Docket No. 53268. Submitted April 9, 1981, at Grand Rapids.—Decided July 8, 1981.

Plaintiff, Mary E. Gottschalk, and defendant, Roy E. Gottschalk, were divorced in Branch Circuit Court, Harvey W. Moes, J. Plaintiff appeals, claiming error in the provisions of the judgment of divorce with regard to the division of property and the award of alimony. *Held:*

1. The division of the marital property and the award of alimony are both inadequate. Plaintiff should be awarded the marital home free of any interest of the defendant and the award of alimony of $50 per week shall continue as permanent alimony until such time as the plaintiff shall remarry.

2. The bill of costs submitted by plaintiff to the trial court with the judgment of divorce, and upon which the trial court and the county clerk failed to act, shall be duly entered. The award of attorney's fees will not be disturbed.

Affirmed in part, reversed in part and remanded.

1. APPEAL — DIVORCE — PROPERTY SETTLEMENT — ALIMONY.

The Court of Appeals hears appeals on property division and alimony matters *de novo* but it generally does not reverse or modify the judgments in such matters unless convinced that it would have reached another result had it occupied the position of the trial court.

2. DIVORCE — ALIMONY — PROPERTY SETTLEMENT.

A determination as to alimony and property division necessitates consideration of: (1) the duration of the marriage, (2) contributions of the parties to the joint estate (sources of property), (3) age, (4) health, (5) station in life, (6) necessities and circumstances, and (7) earning ability of the parties.

*Cherry & Cherry,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 703, 840, 868.
[2] 24 Am Jur 2d, Divorce and Separation §§ 630 *et seq.*, 933.

*Richard F. Baker,* for defendant.

Before: MacKenzie, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. Plaintiff, Mary E. Gottschalk, appeals as of right from a judgment of divorce entered after a trial.

While this Court hears appeals on property division and alimony matters *de novo,* it generally does not reverse or modify unless convinced that it would have reached another result had it occupied the position of the trial court. *Paul v Paul,* 362 Mich 43, 47; 106 NW2d 384 (1960). A determination of alimony and property division necessitates an examination of the following factors: duration of marriage, contributions of the parties to the joint estate, age, health, station in life, necessities and circumstances, and earning ability. *Holbern v Holbern,* 91 Mich App 566, 569; 283 NW2d 800 (1979).

Plaintiff is a 56-year-old woman possessing little or no saleable skills with which to secure gainful employment. Her annual earnings totaled only $4,500. Defendant earns $17,641 annually from his position as a county building inspector. Additionally, he is an electrical contractor and has a license to sell real estate.

Plaintiff testified that she could not afford some dental work which she badly needed. She also explained that after her divorce she would be without health insurance but would still have substantial medical related expenses. Those expenses pertained primarily to psychological and emotional problems she had encountered for more than 10 years. Due to financial restraints, plaintiff is unable to afford even minor household repairs or an inexpensive hobby.

Two expert witnesses testified that plaintiff was suffering from severe depression. Defendant's testimony was in agreement in that regard. Both experts believed that plaintiff would always suffer from depression and could never withstand the stress of full-time employment.

As to the division of marital property and the award of alimony, after a thorough review of the record, this Court is convinced it would have reached another result had it occupied the position of the trial court. *Paul v Paul, supra, Holbern v Holbern, supra.*

The trial court ordered the marital home sold and the proceeds divided, finding that "There is no way in which this home can be maintained in the future as a home by either one of the parties". We are not persuaded that this is a correct conclusion. Defendant had vacated the marital home some 2-1/2 years prior to the divorce. He has since purchased another home with the assistance of another woman who testified at trial to their relationship. Plaintiff, it appears, has been living on a relatively small amount of money due in large part to the fact that she has been residing in the marital home which is paid for. We are persuaded that plaintiff should be awarded the marital home free of any interest of the defendant. If the future proves her unable to maintain it from the income of her part-time employment and alimony, she may make the determination to dispose of the property. An important factor in our consideration in this regard is the undisputed testimony as to the psychological significance of the home and its support to this plaintiff. In lieu of his interest in the marital home, defendant shall receive as his sole and separate property the Coldwater Lake property and the Petoskey property. While we are

aware that this distribution of the marital real estate is in no way an even distribution, we are persuaded that the relative conduct of the parties makes it an equitable one.

Turning to the alimony award, we are likewise persuaded for the same previously stated reasons that it, too, is inadequate. The unrebutted medical testimony established that plaintiff's mental problems will continually occur as they have in the past. Plaintiff is neither trained nor qualified to substantially improve her ability to increase her income. It is apparent from our review of the record that plaintiff is a 56-year-old housewife who has extreme difficulty coping with the stress of everyday problems and pressures. We see no reason why the award of alimony of $50 per week should be limited in time, and, accordingly, hold that it shall continue as permanent alimony until such time as the plaintiff shall remarry.

Lastly, we note the circuit judge and the county clerk both failed to act upon a bill of costs that plaintiff submitted to the trial court with the judgment of divorce in compliance with GCR 1963, 526. On remand, the bill of costs will be duly entered, defendant having offered no objection to the same at the trial level. We do not disturb the trial court's award of attorney fees.

Affirmed in part, reversed in part. Remanded for entry of judgment consistent with this opinion. Plaintiff may tax costs.