DRESSER v DRESSER

Docket No. 64739. Submitted March 24, 1983, at Detroit.—Decided September 21, 1983.

Joyce E. Dresser was divorced from Lawrence A. Dresser. Plaintiff was awarded custody of the parties' younger son, and defendant was awarded custody of their older son. In addition defendant was ordered to pay child support and alimony to plaintiff. Later, the older son began living with plaintiff, who subsequently petitioned for an increase in child support and medical cards for the children. An *ex parte* temporary order was issued ordering the modifications requested. Subsequently, the Friend of the Court made recommendations and defendant filed objections to the recommendations and requested an evidentiary hearing. The St. Clair Circuit Court, Peter E. Deegan, J., noted the objections, was satisfied that the recommendations were proper, and entered an order complying with those recommendations. Defendant appealed, alleging, *inter alia,* that the trial court erred by entering an order modifying child support and alimony without holding an evidentiary hearing. *Held:*

1. Modification of child support or alimony is improper without establishing a change of circumstances at an evidentiary hearing. Failure to conduct a hearing constitutes an abuse of discretion. The modification order is vacated and the matter remanded for a hearing. The *ex parte* order remains in effect.

2. At the hearing, the court is to consider any changes in the plaintiff's ability to work, as well as changes in respect to the custody of the children and other factors.

3. The trial court did not err in ordering the increase in child

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 24 Am Jur 2d, Divorce and Separation §§ 710 *et seq.,* 847.

[1, 2, 4] Power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

[1, 2, 3] Power of court to modify decree for alimony or support to spouse which was based on agreement of parties. 61 ALR3d 520.

[1, 2, 4] Adequacy of amount of money awarded as child support. 1 ALR3d 324.

[1, 2, 3] Adequacy or excessiveness of amount of money awarded as temporary alimony. 1 ALR3d 280.

support to be retroactive to the date the older son began to live with plaintiff.

. The modification order is vacated and the case remanded.

1. DIVORCE — CHILD SUPPORT — ALIMONY — MODIFICATION OF
    AWARD.

    Modification of child support or alimony is improper absent a change in the parties' circumstances and a hearing to establish that change; oral arguments by counsel and the Friend of the Court's representative do not constitute such an evidentiary hearing.

2. DIVORCE — CHILD SUPPORT — ALIMONY — MODIFICATION OF
    AWARD.

    A trial court's failure to hold an evidentiary hearing on a petition to modify child support and alimony and to make findings in support of its decision on the petition constitutes an abuse of discretion.

3. DIVORCE — ALIMONY — MODIFICATION OF AWARD.

    A court, in ruling on a petition to modify alimony, should consider factors such as the former spouse's earning ability, station in life, and necessities and circumstances.

4. DIVORCE — CHILD SUPPORT — MODIFICATION OF AWARD.

    Barring exigent circumstances, an increase in periodic child support payments may not take effect prior to the time a petition to modify the payments has been filed.

*William T. Fischer,* for plaintiff.

*Robert P. Ladd,* for defendant.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Defendant appeals as of right from a divorce modification order entered May 24, 1982.

The judgment of divorce was entered December 4, 1978. Plaintiff was given custody of the parties' younger son, Timothy, and defendant was awarded custody of the older son, David. Defendant was ordered to pay $45 per week in child support for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Timothy and $25 per week to plaintiff as alimony, until she remarried or until further order of the court. A prior order assigning defendant's wages for payment of child support and alimony was continued as long as defendant was obligated to make such payments.

On March 31, 1980, David was made a temporary ward of the probate court because of delinquency and placed in Fairlawn Center in Pontiac, Michigan. He was dismissed as a temporary ward on September 28, 1981, and was returned to defendant's custody. David began living with plaintiff on or about November 19, 1981.

On February 25, 1982, plaintiff filed a petition for an increase in child support and medical cards for the two children. She alleged that the increased cost of living since the divorce had created a great hardship in providing for the children. Defendant had also failed to supply a yearly medical card for Timothy, as per the divorce judgment. Plaintiff sought a similar card for David, who was presently in her physical custody and in great need of medical attention.

On the same day, an *ex parte* temporary order was filed. Defendant was ordered to pay an additional $29 per week for David's support and to provide medical cards for both children. This raised defendant's total payments to $99 per week for child support and alimony.

On March 10, 1982, defendant filed a petition to reduce child support and dissolve the *ex parte* temporary order. He stated that he was laid off from his employment on February 5, 1982. Due to the economy and seasonal decline in his employer's activity, defendant had "no reasonable expectation of early resumption of employment on a

meaningful scale". Defendant was currently receiving $197 per week in unemployment benefits. He maintained that he could not live on $98 per week, but agreed to provide the medical cards for the children when they were issued. He asked that the temporary order be vacated and all arrearages under the order cancelled.

A Friend of the Court report and recommendation was issued March 18, 1982. The Friend of the Court recommended that plaintiff be awarded permanent custody of David. Child support for both sons would be increased to $102 per week. In the event that one of the children should no longer be eligible for support, the amount would be reduced to $62 per week. It was also recommended that the increase in support be made retroactive to November 19, 1981, the date that David began living with plaintiff. Defendant would also be required to supply medical cards for the children, but the parties would equally divide payments for the Mental Health Clinic charges. After interviewing both parties, it was recommended that plaintiff's alimony be reduced to $21 per week, effective upon entry of the appropriate order.

Hearing for entry of the modification order was held April 19, 1982. Defense counsel stated that the Friend of the Court did not base its recommendation for support upon unemployment compensation, but on defendant's former income. The judge ruled that defendants obligations should be based on his total yearly income rather than his weekly income during the periods he was working. The judge also suggested that the wage assignment be increased above the weekly amount to be recommended, so that defendant's account would be credited in anticipation of his lower payments during his unemployment. The matter was re-

ferred to the Friend of the Court for a new recommendation.

The amended Friend of the Court report was issued May 13, 1982. Defendant's 1981 federal income tax return, a wage report from his employer for January 1 to April 30, 1981, and a statement of his unemployment benefits revealed that defendant's average net income was $298 per week. Based on this amount, $98 per week in child support and $21 per week in alimony was recommended. The remaining facts and recommendations contained in the previous report were also adopted.

Defendant filed objections to the second report, which were substantially similar to his earlier objections. Defendant also alleged that plaintiff was skilled as an operating room technician and that she could safely leave the children at home while she was working because they were 12 and 16 years old. Defendant's income had also failed to keep up with inflation. Defendant asked for an evidentiary hearing on plaintiff's ability to support herself and the children, a limit of $74 per week in child support (the amount set in the *ex parte* temporary order), and no retroactive support increase since exigent circumstances had not been alleged or shown.

A hearing for entry of an order complying with the second Friend of the Court's recommendation was heard May 24, 1982. Defendant repeated his objections and asked for an evidentiary hearing to determine the parties' ability to work and the needs of the family. Defendant also objected to the retroactive child support increase. He noted that the *ex parte* order of $74 per week was based on defendant's weekly income of $308 and therefore the $98 recommendation was too high. The court

noted the objections, was satisfied that the recommendation was proper, and approved the order.

On appeal, the defendant contends that the trial court erred in entering its order modifying child support and alimony without holding an evidentiary hearing.

Absent a change of circumstances *and* a hearing to establish that change, modification of child support or alimony is improper. *Moffat v Moffat,* 105 Mich App 436, 441; 307 NW2d 337 (1980). If the parties do not agree to the modification and there are factual disputes, the court must hold an evidentiary hearing. There must be a record of that hearing. In addition, the judge should state briefly the findings which are the basis for his decision in order to facilitate appellate review. *Jacobs v Jacobs,* 118 Mich App 16, 20-21; 324 NW2d 519 (1982); *Hakken v Hakken,* 100 Mich App 460, 465; 298 NW2d 907 (1980). Oral arguments by both parties' counsel and the Friend of the Court's representative do not constitute an evidentiary hearing. See *Krachun v Krachun,* 355 Mich 167, 169; 93 NW2d 885 (1959); *Jacobs, supra,* p 21. The trial court's failure to hold an evidentiary hearing and to make findings in support of its decision constitutes an abuse of discretion. See *Jacobs, supra,* p 21. We, therefore, vacate the modification order and remand for an evidentiary hearing. The *ex parte* order, however, remains in effect.

We now address defendant's remaining allegations of error.

An alimony award may be modified if there is evidence of a change in circumstances justifying modification. *Schaeffer v Schaeffer,* 106 Mich App 452, 460; 308 NW2d 226 (1981). We agree with defendant that the trial court should consider

whether there has been a change of circumstances in plaintiff's ability to support herself. In *Esslinger v Esslinger,* 9 Mich App 11, 20; 155 NW2d 702 (1967), this Court said:

"[T]he ability of a wife to do some productive work in keeping with the standard of living to which she is accustomed is a valid factor to be considered by the trial court in determining alimony."

On remand, we urge the trial court to consider any changes in plaintiff's ability to work in light of her health, employment history, training, and skills.

In addition to earning ability, a court is also to consider other factors such as the former spouse's station in life, and necessities and circumstances. *Gottschalk v Gottschalk,* 107 Mich App 716, 717; 309 NW2d 711 (1981); *Vaclav v Vaclav,* 96 Mich App 584, 590; 293 NW2d 613 (1980). Thus, the court on remand should consider changes with respect to the custody of the children, most notably the fact that plaintiff now has custody of the older child as well as the younger child, and should also consider not only the children's ages, but also their particular emotional and physical needs and the impact thereon if plaintiff were to take on employment outside the home.

Defendant also challenges the trial court's fixed rate of child support which would result in arrearages while the defendant is unemployed. On remand, we urge the trial court to consider utilizing two rates of child support, one to reflect the decrease in his income as a result of his periodic layoffs.

We disagree, however, with defendant's contention that the trial court erred in ordering the increase in child support retroactive to November

19, 1981, several months before plaintiff petitioned for an increase in child support. In *Farr v Farr,* 63 Mich App 741, 745; 235 NW2d 31 (1975), this Court said:

"[B]arring exigent circumstances, and increase in periodic child support payments may not take effect prior to the time a petition to modify has been filed." (Footnote omitted.)

The change in the physical custody of David constitutes "exigent circumstances". Thus, the modification of child support could have been made retroactive to the date of that change, November 19, 1981.

The modification order is vacated and the case remanded. No costs, neither party having prevailed in full.