CROUSE v CROUSE

Docket No. 75243. Submitted May 8, 1984, at Lansing.—Decided January 14, 1985. Leave to appeal applied for.

In 1977, John E. Crouse was granted a divorce judgment in Ingham Circuit Court from Marguerite Crouse. The judgment of divorce provided that plaintiff husband should pay alimony to defendant wife until either died or the defendant remarried. At the time of the divorce, defendant and Dale Shuck were already living together in the same house, and that relationship has continued to the present. Plaintiff continued to make alimony payments to defendant until September, 1981. In March, 1983, defendant filed a motion in the trial court for an order requiring plaintiff to show cause why he failed to comply with the terms of the judgment of divorce. Plaintiff moved that the judgment of divorce be amended to provide that alimony would cease if defendant entered into a permanent live-in relationship with a man. The trial court, Thomas L. Brown, J., denied plaintiff's motion to amend the divorce judgment's requirment that plaintiff pay alimony, finding that, since plaintiff agreed to the alimony provision knowing that defendant was cohabiting with Shuck, the continued cohabitation of defendant and Shuck was not a sufficient reason to terminate the alimony obligation. Plaintiff appealed, claiming that the statute permitting termination of alimony upon remarriage contemplates the de facto marriage situation presented here where there is a permanent live-in relationship and that, in the alternative,

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 24 Am Jur 2d, Divorce and Separation § 710 et seq.
Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

[3] 5 Am Jur 2d, Appeal and Error §§ 686, 703.
24 Am Jur 2d, Divorce and Separation § 702.

[4, 5] 24 Am Jur 2d, Divorce and Separation §§ 723, 728.
Divorced woman's subsequent sexual relations or misconduct as warranting, alone or with other circumstances, modification of alimony decree. 98 ALR3d 453.
Alimony as affected by wife's remarriage, in absence of controlling specific statute. 48 ALR2d 270.

there was a change in circumstances sufficient to warrant modification of the judgment of divorce. *Held:*

1. Since defendant was cohabiting with Shuck at the time the judgment of divorce was entered and plaintiff was aware of that relationship and acquiesced to it, the continuing of that relationship for the seven-year period since the granting of the divorce does not constitute a change in circumstances sufficient to warrant the modification of the alimony provision in the judgment of divorce.

2. The statute permitting termination of alimony upon re-marriage of the party receiving alimony does not evidence a legislative intent that alimony should be terminated where the party receiving alimony has entered into a permanent relation-ship or a de facto marriage arrangement.

Affirmed.

V. J. BRENNAN, P.J., dissented. He would hold that, since defendant's long-term cohabitation with Shuck appears in all essence to be a de facto marriage needing only a ceremony to make it legal, equity requires that plaintiff's obligation to pay alimony be suspended during the continuation of that relation-ship. He would reverse.

### OPINION OF THE COURT

1. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENT.

   An award of alimony in a judgment of divorce may be modified only where new facts or changed circumstances arising since the granting of the divorce judgment justify the modification.

2. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENT — BURDEN OF PROOF.

   The party seeking the modification of an award of alimony in a judgment of divorce has the burden of showing changed circum-stances which justify modification of the judgment.

3. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENT — APPEAL.

   The Court of Appeals reviews *de novo* an appeal from a trial court determination relative to a petition to modify the ali-mony provisions in a judgment of divorce and will not disturb the decision of the trial court unless it is convinced that it would have reached a different result had it occupied the position of the trial court.

4. DIVORCE — ALIMONY — TERMINATION OF ALIMONY — REMARRIAGE.

   The statute permitting termination of alimony upon remarriage does not evidence a legislative intent that the party paying alimony shall not be required to continue to pay alimony where

the party receiving alimony has maintained a permanent residence with and cohabited with a third party for an extended period of time (MCL 552.13; MSA 25.93).

DISSENT BY V. J. BRENNAN, P.J.

5. DIVORCE — ALIMONY — TERMINATION OF ALIMONY — REMARRIAGE.

*A husband who is required by a judgment of divorce to pay alimony to his former wife until his or her demise or until the remarriage of the wife should have that obligation suspended during the period that his former wife continues to maintain a long-term permanent live-in relationship with a male friend, since such a long-term live-in relationship is a de facto marriage needing only a ceremony to make it legal.*

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Maurice E. Schoenberger* and *Michael G. Lofgren),* for plaintiff.

*Frederick L. Stackable,* for defendant.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and C. R. COLEMAN,* JJ.

PER CURIAM. Plaintiff appeals from a denial of his motion to amend a judgment of divorce. We affirm.

The judgment of divorce, dated March 25, 1977, was drafted by plaintiff's attorney. Defendant was not represented by counsel. In pertinent part the judgment provides:

"John E. Crouse shall pay to Marguerite A. Crouse, for her support and maintenance, alimony at a rate of four hundred and no/100 dollars ($400.00) per month during such period of time as the minor children of the parties reside with Marguerite A. Crouse and at a rate of six hundred dollars ($600.00) per month from and after the time the minor children no longer reside with Marguerite A. Crouse, *provided, however, any and all*

* Retired circuit judge, sitting on the Court of Appeals by assignment.

*alimony provided for herein, nothing herein to the contrary, shall cease and terminate upon the occurrence of the marriage or demise of Marguerite A. Crouse or the demise of John E. Crouse."* (Emphasis added.)

Prior to the divorce action, defendant met Dale Shuck; and before the judgment of divorce was entered in the trial court, defendant and Shuck began living together in defendant's home. Plaintiff reluctantly acquiesced to the arrangement, believing defendant would have more time to devote to the parties' children under this arrangement than if defendant visited Shuck at his apartment.

Defendant and Shuck resided together in Lansing until 1980 and then moved to Colorado and later to California. Plaintiff continued to make alimony payments to defendant until September, 1981. On March 17, 1983, defendant filed a motion in the trial court seeking an order requiring plaintiff to show cause why he had failed to comply with terms of the judgment of divorce. The trial court issued the requested order. Plaintiff responded with a motion requesting that the judgment be amended to provide that defendant's right to alimony would cease if she entered into a "permanent or quasi-permanent" live-in relationship with a man.

Following a hearing on April 29, 1983, the trial judge ruled that plaintiff was liable for alimony arrearages up to the date the motion to amend the judgment was filed. He further ordered that the parties should complete discovery and file briefs concerning the issue of plaintiff's liability for further alimony. The judge subsequently issued a bench opinion finding that plaintiff agreed to pay alimony knowing defendant was living with Shuck

and, under these circumstances, defendant's continued cohabitation with Shuck was not a sufficient reason to terminate the alimony obligation.

Plaintiff argues on appeal that the Michigan Legislature has directed that alimony may be terminated upon remarriage in MCL 552.13; MSA 25.93, and has thereby evidenced an intent that alimony cease where the receiving party has entered into a permanent relationship with another person. In the present case, plaintiff contends, the defendant has a permanent relationship with Shuck which should be considered a "de facto" marriage. To refuse to terminate alimony where such de facto marriage exists would, plaintiff argues, be contrary to the intention of the Legislature and contrary to the parties' intentions when they agreed that alimony would cease upon defendant's remarriage. In the alternative, plaintiff argues that defendant's living arrangement constitutes a change in circumstances justifying termination, suspension, reduction or modification of future alimony payments.

The statutory authority for modifying a divorce judgment is found in MCL 552.28; MSA 25.106, which states:

"After a judgment for alimony or other allowance, for either party and children, or any of them, and also after a judgment for the appointment of trustees, to receive and hold any property for the use of either party or children as before provided the court may, from time to time, on the petition of either of the parties, revise and alter such judgment, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the matters which such court may have made in the original suit."

A modification of an award of alimony under this section may rest only upon new facts or changed circumstances arising since the judgment which justify revision. *Schaeffer v Schaeffer,* 106 Mich App 452, 460; 308 NW2d 226 (1981); *Graybiel v Graybiel,* 99 Mich App 30; 297 NW2d 614 (1980). The party moving for modification has the burden of showing sufficiently changed circumstances to warrant modification. *Graybiel v Graybiel, supra,* pp 33-34.

Having reviewed this case *de novo,* we are not convinced that we would have reached a different conclusion than the trial judge had we occupied his position in ruling on plaintiff's motion. *Schaeffer v Schaeffer, supra,* p 460; *Graybiel v Graybiel, supra,* p 33. As the trial judge noted, defendant and Shuck were cohabitating at the time the judgment of divorce was entered. The record establishes that plaintiff was well aware of this arrangement at the time of the divorce. We do not believe defendant's continuation of her cohabitation with Shuck to be a change in circumstances justifying termination, modification or suspension of the alimony obligation. Rather, defendant's circumstances, including her financial needs, appear to be relatively the same as they were at the time of the divorce.

We reject plaintiff's argument that the Legislature intended that the paying party not be required to continue alimony payments where the ex-spouse has entered into a permanent relationship with another. MCL 552.13; MSA 25.93 says that alimony may be terminated upon remarriage and says nothing about permanent relationships nor "de facto marriages". While continued cohabitation may in some cases constitute a sufficient change in circumstances to justify modification of a divorce judgment under MCL 552.28; MSA

25.106, we do not reach this question here. Defendant's cohabitation with Shuck was not a change in circumstance at all, but an arrangement existing when plaintiff agreed to pay alimony. Nor do we find sufficient evidence to conclude that the parties intended alimony to cease if defendant entered into a serious and permanent relationship but did not remarry.

Affirmed.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent.

Although the judgment of divorce provides that alimony payments terminate upon the occurrence of either the remarriage of the defendant or the demise of either the plaintiff or defendant, I do believe that defendant's seven-year cohabitation with a male friend provides a sufficient change in circumstances to warrant modification of the divorce judgment.

In my opinion, defendant's relationship cannot be classified as a short-term casual romantic interlude. For the past seven years, defendant has maintained a continual live-in relationship which has far surpassed any casual status arrangement. Her relationship has graduated into a full-fledged quasi-marital situation. It appears that the continuous alimony has caused the decision not to marry.

Although common-law marriages are no longer recognized in Michigan and contracts made in consideration of meretricious relationships will not be enforced in Michigan, see *Carnes v Sheldon,* 109 Mich App 204, 211; 311 NW2d 747 (1981), the plaintiff is faced with a situation where his ex-wife has continued to enjoy the benefits of alimony payments while maintaining a long-term and continuous live-in relationship with a male friend.

At the least, I believe that a suspension in payments would be proper here. It is not my opinion however, that *any* cohabitation by an ex-spouse warrants a reduction, suspension or termination in alimony payments.

The defendant's relationship appears in all essence to be a de facto marriage which needs only a ceremony in this state or in California to make it a legal marriage. I believe that under the circumstances, a suspension in alimony payments during this particular relationship would be equitable. Therefore, I would reverse the trial court's decision not to modify the divorce judgment.