## KERSTEN v KERSTEN

Docket No. 77231. Submitted January 24, 1985, at Lansing.—Decided February 26, 1985.

Plaintiff, Gary L. Kersten, and defendant, Karen R. Kersten, were divorced by order of the Saginaw Circuit Court and plaintiff was ordered to pay alimony of $1,000 per month to defendant for 121 months. Approximately two and one-half years later, defendant filed a petition for an order to show cause why plaintiff had not been making the alimony payments. The show cause order was issued. Plaintiff responded and filed a petition to terminate alimony, contending that defendant's economic circumstances had changed through her cohabitation with another man, which plaintiff equated with remarriage. The court, Robert S. Gilbert, J., held that plaintiff had to continue making the alimony payments and refused to hold a hearing on whether defendant's economic circumstances had changed sufficiently to warrant a modification or termination of alimony. Plaintiff appealed. *Held:*

1. Cohabitation is not the equivalent of remarriage, and the divorce agreement between the parties does not reflect any intent that cohabitation should be considered the same as remarriage for the purpose of terminating alimony. The trial court did not abuse its discretion in ruling that plaintiff must continue paying alimony.

2. Plaintiff should be given an opportunity to prove that defendant's economic well-being has improved due to her relationship with the other man. The cause is remanded for a determination of whether the alimony award should be modified.

Affirmed in part and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 723.
Divorced woman's subsequent sexual relations or misconduct as warranting, alone or with other circumstances, modification of alimony decree. 98 ALR3d 453.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 710 *et seq.,* 731.
[3] 29 Am Jur 2d, Evidence § 127.

1. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY — COHABITA-
   TION.
   Cohabitation by a divorced party receiving alimony is not equiva-
   lent to remarriage for purposes of terminating the alimony;
   however, where that party's economic well-being has been
   improved by the cohabitation, the change in circumstances may
   be sufficient to justify modification of the alimony award (MCL
   552.28; MSA 25.106).

2. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY.
   A modification of an alimony award may be permitted upon a
   change of circumstances and a hearing to establish such a
   change.

3. DIVORCE — ALIMONY — MODIFICATION OF ALIMONY.
   The party moving for a modification of an alimony award has the
   burden of showing sufficiently changed circumstances to war-
   rant the modification.

*Borrello, Thomas & Jensen, P.C. (by Leopold P. Borrello and Jill K. Smith),* for plaintiff.

*James J. Shinners, P.C. (by J. David Perez),* for defendant.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR., and M. F. SAPALA,* JJ.

PER CURIAM. The parties were divorced pursuant to a judgment entered May 5, 1980. That judgment provided, *inter alia,* that plaintiff husband pay alimony to defendant wife in the amount of $1,000 a month for 121 months. On December 22, 1982, defendant wife filed a petition for an order to show cause why plaintiff had not been making the re-quired alimony payments. The order to show cause was issued on April 5, 1983. Plaintiff promptly responded to the show cause order and addition-ally filed his own petition to terminate alimony. The trial judge heard arguments of counsel for

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-ment.

both parties and held that plaintiff was to continue making the alimony payments and refused to hold a hearing on whether defendant's economic circumstances had changed sufficiently to warrant a modification or termination of alimony. Plaintiff is appealing as of right.

On appeal plaintiff contends that defendant is now cohabiting with another man and that the cohabitation is equivalent to a remarriage which should terminate the alimony. Plaintiff also asserts that defendant's cohabitation should at least be sufficient to constitute a modification of her alimony as her circumstances have changed.

We decline plaintiff's invitation to equate cohabitation with remarriage. *Crouse v Crouse,* 140 Mich App 234; 363 NW2d 461 (1985). We do not find that the Legislature intended to equate cohabitation with remarriage, MCL 552.28; MSA 25.106, nor does the divorce agreement reflect any such intent by the parties. After our *de novo* review, we cannot say that the trial court abused its discretion. *Carlson v Carlson,* 139 Mich App 299; 362 258 (1984).

Plaintiff's assertion that he should be given an opportunity to prove that defendant's economic well-being has improved due to her meretricious relationship is well taken. A modification of an alimony award may be permitted upon a change of circumstances and a hearing to establish such a change. *Dresser v Dresser,* 130 Mich App 130, 135; 342 NW2d 545 (1983). Plaintiff has pleaded new facts that have arisen since the divorce and the circumstances may now require revision. *Schaeffer v Schaeffer,* 106 Mich App 452, 460; 308 NW2d 226 (1981). The party moving for the modification has the burden of showing sufficiently changed circumstances to warrant the modification. *Graybiel v*

*Graybiel,* 99 Mich App 30, 33-34; 297 NW2d 614 (1980). Accordingly, plaintiff should be afforded the opportunity to substantiate his claims as defendant's economic situation may have been improved by her cohabitation. While a meretricious relationship alone is not sufficient in and of itself to modify an alimony award, the surrounding circumstances may be. Therefore, we remand this cause for a determination of whether the alimony award should be modified.

Affirmed in part and remanded for the trial court to proceed in accordance herewith. No costs. Neither party having prevailed in full.