PETISH v PETISH

Docket No. 79323. Submitted March 19, 1985, at Detroit.—Decided July 15, 1985.

Plaintiff, James H. Petish, and defendant, Gertrude E. Petish, were divorced in the Wayne Circuit Court. The judgment called for plaintiff to pay defendant alimony weekly for three years or until defendant remarried. Defendant began cohabiting with a man and plaintiff discontinued making alimony payments. Plaintiff moved for a modification of the divorce judgment seeking a cancellation of the alimony arrearage and the alimony provision. Defendant petitioned the court for an order to show cause why plaintiff should not be held in contempt for unilaterally stopping the alimony payments. Without an evidentiary hearing being held, the court, Henry J. Szymanski, J., affirmed the determination of the circuit court referee and dismissed defendant's petition and modified the judgment of divorce to cancel the alimony provision. Defendant appealed.

*Held:*

Cohabitation by a divorced party receiving alimony is not equivalent to remarriage for purposes of terminating the alimony. A trial court's failure to hold an evidentiary hearing on a petition to modify alimony constitutes an abuse of discretion but does not require a remand for an evidentiary hearing where the motion for modification does not allege any change in circumstances supporting the need for a modification.

Reversed.

M. WARSHAWSKY, J., dissented. He would hold that cohabitation by a divorced party receiving alimony is a circumstance which materially and specifically affects the need for alimony, and is a sufficient reason for modifying the alimony award or, at the very least, for holding an evidentiary hearing to determine whether a sufficient change in circumstances has occurred which would warrant modification of alimony.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] Am Jur 2d, Divorce and Separation §§ 723-726.

Power of court to modify decree for alimony or support to spouse which was based on agreement of parties. 61 ALR3d 520.

[2-4] Am Jur 2d, Divorce and Separation §§ 547, 699 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Alimony § 5.

Opinion of the Court

1. Divorce — Alimony — Modification of Alimony — Cohabitation.

Cohabitation by a divorced party receiving alimony is not equivalent to remarriage for purposes of terminating the alimony; however, where that party's economic well-being has been improved by the cohabitation, the change in circumstances may be sufficient to justify modification of the alimony award.

2. Divorce — Alimony — Modification of Alimony.

A modification of an alimony award may be permitted upon a change of circumstances and a hearing to establish such a change.

3. Divorce — Alimony — Modification of Alimony.

The party moving for a modification of an alimony award has the burden of showing sufficiently changed circumstances to warrant the modification.

4. Divorce — Alimony — Modification of Alimony — Appeal.

A trial court's failure to hold an evidentiary hearing on a petition to modify alimony constitutes an abuse of discretion but does not require a remand for an evidentiary hearing where the motion for modification does not allege any change in circumstances supporting the need for a modification.

Dissent by M. Warshawsky, J.

5. Divorce — Alimony — Modification of Alimony — Cohabitation.

*Cohabitation by a divorced party receiving alimony is a circumstance which materially and specifically affects the need for alimony and is a sufficient reason for modifying the alimony award or, at the very least, for holding an evidentiary hearing to determine whether a sufficient change in circumstances has occurred which would warrant modification of alimony.*

*Spencer & Stebbins* (by *John G. Spencer*), for plaintiff.

*Currie, Stieper, Haddrill & Seyferth, P.C.* (by *Nelson B. Stieper*), for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

M. J. KELLY, J. Defendant appeals as of right from an order modifying the alimony provisions of a divorce judgment. The trial court ruled that plaintiff's obligation to pay alimony as provided in the consent judgment of divorce was terminated by the defendant's cohabitation with another man. We reverse.

Plaintiff and defendant were granted a consent judgment of divorce on September 16, 1983, in which plaintiff was ordered to pay $65 per week in alimony to the defendant for three years or until the defendant remarried, whichever occurred first. Defendant was not employed at the time of the divorce and remained unemployed at the time of these post-trial proceedings. Approximately one month after entry of the divorce judgment defendant and her minor children began living with an adult male. Defendant has not remarried.

In March of 1984, plaintiff discontinued alimony payments to the defendant and, on April 19, 1984, filed a motion to modify the consent judgment of divorce, seeking a cancellation of the alimony arrearage and the alimony provision. The sole reason offered by the plaintiff in support of his motion was defendant's cohabitation with another man. At the motion hearing, plaintiff argued that defendant had essentially entered into a de facto marital relationship and had not formally married only to escape the remarriage provision of the divorce judgment which would terminate alimony.

While the Wayne County Friend of the Court was investigating plaintiff's motion to terminate the alimony payments, defendant filed an order to show cause why plaintiff should not be held in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contempt of court for failure to pay alimony. A show cause hearing was conducted before a referee for the Wayne County Circuit Court at which plaintiff argued that he should be released from the alimony obligation because of defendant's cohabitation. Without conducting an evidentiary hearing regarding the continued need of the defendant for alimony, the referee dismissed defendant's show cause order and terminated plaintiff's alimony obligation retroactively to October 16, 1983.

Defendant appealed the referee's decision to the Wayne County Circuit Court, which affirmed. The trial court did not conduct an evidentiary hearing and did not have the benefit of the Wayne County Friend of the Court's investigation report.

The problem presented in this case has recently been addressed by two panels of this Court in *Crouse v Crouse,* 140 Mich App 234; 363 NW2d 461 (1985), and in *Kersten v Kersten,* 141 Mich App 182; 366 NW2d 92 (1985). Both panels relied on well established principles of law and held that where a party to a divorce action seeks to modify the alimony provision based on a spouse's cohabitation with another person that party is obligated to show a sufficient change in circumstances warranting modification. Where there are material factual disputes, an evidentiary hearing must be conducted. The fact of cohabitation alone is not sufficient to establish a change in circumstances. Indeed in the milieu of the times it might be anticipated.

In the instant case, the trial court abused its discretion by refusing to conduct an evidentiary hearing on whether defendant's circumstances had changed so as to warrant modification of the alimony obligation. See *Dresser v Dresser,* 130 Mich App 130, 135; 342 NW2d 545 (1983). Because plaintiff failed to allege in his motion to terminate the alimony payments any change in defendant's cir-

cumstances alleviating her need for alimony, we find no need to remand for an evidentiary hearing on this issue. The modification order is reversed and the case remanded for entry of an order directing plaintiff to comply with the alimony provision in the divorce judgment and to pay defendant any alimony arrearage.

Reversed.

BEASLEY, P.J., concurred.

M. WARSHAWSKY, J. *(dissenting).* I respectfully dissent. I cannot say that the trial court erred in ruling that defendant's cohabitation with a man, which began after entry of the divorce judgment, was a sufficient ground for modifying the alimony provision. In *Crouse v Crouse,* 140 Mich App 234; 363 NW2d 461 (1985), the Court noted that continued cohabitation may constitute a sufficient change in circumstances to warrant modification of alimony, but found that modification in that case was not warranted because the wife's cohabitation with another man existed and was well known by the husband at the time he agreed to pay alimony.

In *Kersten v Kersten,* 141 Mich App 182; 366 NW2d 92 (1985), the Court held that cohabitation is not a sufficient basis in and of itself to modify an alimony award, but remanded the case for a determination of whether the cohabitation amounted to a change in circumstances warranting modification.

The arrangement of defendant's cohabiting with a man materially and specifically affects her need for alimony, and I would hold that it is a sufficient reason for modifying the alimony award. At the very least, I would remand this case for an evidentiary hearing to determine whether a sufficient change in circumstances has occurred which would warrant modification of the judgment.