# CIRCUIT COURT OF THE CITY OF NORFOLK

Christina W. H. deLeeuw

 v.

John Simon deLeeuw

 Case No. C1943-80

John S. deLeeuw

 v.

Christina W. deLeeuw

 Case No. C87-347

 April 7, 1988

By JUDGE JOHN W. WINSTON

In July, 1987, Christina W. H. deLeeuw filed a Petition in C1943-80 seeking to recover $2,000.00 in unpaid spousal support as previously ordered and to hold her former husband in contempt for its nonpayment. No hearing has ever been scheduled in this dispute.

Then in October, 1987, in C87-347 (John S. deLeeuw v. Christina W. deLeeuw), John Simon deLeeuw filed his own Petition seeking to terminate his former wife's entitlement to any further spousal support because "since the entry of the (final decree of divorce), the Defendant has lived with and maintained a relationship, which under the circumstances would be considered that of husband and wife, with another man without actually celebrating a marriage pursuant to the laws of Virginia." His Petition further seeks to terminate his support obligations, alleging

that Defendant has been expending or utilizing such spousal monies to benefit that other man. And finally, his Petition alleges that it should be terminated because Defendant has engaged in an immoral sexual relationship with another man. Again, no hearing has ever been scheduled in this dispute.

But in C1943-80 (Christina W. H. deLeeuw v. John Simon deLeeuw), Christina deLeeuw has filed a Plea to the Jurisdiction of this Court, asserting that since she has not remarried, her entitlement to spousal support continues and that John S. deLeeuw's position to the contrary should be overruled.

This Court agrees that Mrs. deLeeuw is entitled to receive additional spousal support because she has not remarried as that term is used in paragraph 2 of the Stipulation Agreement dated October 26, 1979, and incorporated into the Final Decree of Divorce entered on December 8, 1980, and in Virginia Code § 20-109. And because continued enforcement of their Stipulation Agreement as incorporated in the Final Decree of Divorce is not against the public policy of Virginia.

The words "remarries" and "remarried" have a clear and definite and undisputed meaning as used in the parties' contract and in the Virginia statutes. There they specify a formal marriage between a competent man and a competent woman within the legal structure embracing a marriage license, a ceremony conducted by an individual authorized by the state to perform the same, and requiring the parties to assume the duties and obligations and rights incidental to a true marriage relation. The relation having begun in a formal manner cannot be terminated except in a formal manner as well. It ends only within the framework of divorce or annulment in a court of equity. To live together without the benefit of formal marriage does not establish any lasting relation between the parties and subjects them to the threat of criminal prosecution charging fornication or adultery or in some cases bigamy. Living together outside of formal marriage may invite financial consequences for the parties in some states, such as California but not in Virginia.

Without question, this contract entered into in Virginia between Virginia residents speaks only of a formal legal marriage when setting out the grounds for

terminating the agreed spousal support for Mrs. deLeeuw. And the same meaning clearly applies to the word "remarriage" of the spouse receiving support as used in Virginia Code § 20-109.

Both parties to the Stipulation Agreement were represented by counsel when it was prepared. The negotiations resulting in that signed agreement were carried on at arm's length. Its terms were then incorporated into the Final Decree of Divorce without objection by either party. Clearly the parties could have called for an earlier termination of spousal support than by remarriage had they chosen to do so. Or they likewise could have extended that obligation beyond remarriage. But they did not do either. They are therefore bound by the unambiguous language that they chose to use in this agreement/contract.

Beyond that, Mr. deLeeuw says that his continued spousal support benefits another man. That is not a legal basis for terminating the award. But it can be a basis for Mr. deLeeuw seeking relief from the support award, at least in part, on the ground that Mrs. deLeeuw does not need it now because of her changed financial circumstances. This as always is a factual question.

And finally this Court does not find the agreed support award now unenforceable on the grounds that it is contrary to the public policy in Virginia. The laws of marriage and of divorce are purely statutory. It is the Court's responsibility to interpret and apply those laws, but not to amend them on a public policy ground. Thus it is for the Legislature and not the Court to preclude the award of spousal support to anyone cohabiting with another illegally, if it chooses to do so. (The Court takes note that prior to 1988, the Legislature forbade the award of spousal support to a party found at fault (desertion, mental cruelty, adultery) for causing the divorce.) Virginia Code § 20-107.1.

For cases supporting this Court's public policy view here, see *Smith v. Mangum ex rel. Smith*, a decision of the Arizona Court of Appeals, Division One, released January 27, 1988 (copy attached), and *Kerston v. Kerston*, 141 Mich. App. 182, 366 N.W. 2d 92 (1985) (cited and relied on by the Arizona Court of Appeals in *Smith*.)

Please present an order denying the Petition of John Simon deLeeuw in C87-347 but reserving his right

to seek modification of the agreed spousal support award, and granting the Plea to the Jurisdiction of this Court filed by Christina W. H. deLeeuw in C1943-80, and noting objections.