IANITELLI v IANITELLI

Docket No. 129371. Submitted March 10, 1993, at Lansing. Decided May 18, 1993, at 9:00 A.M. Leave to appeal sought.

Lawrence J. and Mary J. Ianitelli were divorced in the Macomb Circuit Court, Frederick D. Balkwill, J. Mary was awarded alimony of $250 a week and $8,000 in accountant's fees. Lawrence appealed from the award of alimony and accountant's fees.

The Court of Appeals *held:*

1. No change in circumstances has resulted from Mary's cohabitation with a male companion. The cohabitation was taking place at the time of the divorce and was well known to both the court and Lawrence. The court did not err in awarding alimony in light of the parties' twenty years of marriage, Lawrence's substantial assets and superior earning ability, and the fact that Lawrence had gambled in the early years of the marriage despite Mary's concern for financial stability.

2. The court did not err in ordering Lawrence to pay $8,000 of Mary's accounting fees because of his ongoing resistance to the payment of alimony during the trial and his superior income and earning ability.

Affirmed.

1. DIVORCE — ALIMONY — COHABITATION — CHANGED CIRCUM-STANCES.

Cohabitation is not remarriage; although by itself cohabitation does not constitute a change in circumstances for purposes of modification of an award of alimony, other related facts showing an improvement in the party's financial position may constitute a change in circumstances.

2. DIVORCE — FEE AWARDS — APPEAL.

A court in a divorce action may award a party any sums necessary to enable the party to carry on or defend the action; the court's decision to award fees will not be reversed on appeal absent an abuse of discretion (MCL 552.13[1]; MSA 25.93[1]).

REFERENCES

Am Jur 2d, Divorce and Separation §§ 586, 587, 710, 711, 722-724.
See ALR Index under Divorce and Separation.

*Jerald R. Lovell,* for the plaintiff.

*Franklin D. West,* for the defendant.

Before: Brennan, P.J., and Hood and Taylor, JJ.

Per Curiam. This is a divorce case. Plaintiff husband appeals as of right from the court's award of alimony and accountant's fees to defendant wife. We affirm..

Plaintiff first argues that defendant should not have been awarded alimony because she was cohabiting with a male companion. He further argues that, even if some alimony was proper, the $250 a week awarded was excessive. We disagree with regard to both arguments.

Although findings of fact in divorce cases are reviewed under a clearly erroneous standard, dispositional rulings such as whether and how much alimony to award are reviewed de novo. *Sparks v Sparks,* 440 Mich 141, 151-152; 485 NW2d 893 (1992); see also *Sands v Sands,* 442 Mich 30; 497 NW2d 493 (1993). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Sparks, supra* at 151-152. "[T]he ruling should be affirmed unless the appellate court is left with the firm conviction that the [decision] was inequitable." *Id.* at 152; compare *Beason v Beason,* 435 Mich 791, 802; 460 NW2d 207 (1990) (a factual finding is clearly erroneous if, although supported by some evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed").

A divorce court has the discretion to award alimony under MCL 552.23; MSA 25.103, "as it

considers just and reasonable" in light of all the circumstances. *Demman v Demman,* 195 Mich App 109, 110; 489 NW2d 161 (1992). The court should consider the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health, and fault, if any. *Id.* at 110-111. The trial court should make specific findings of fact regarding those factors that are relevant to the particular case. *Sparks, supra* at 159.

In this case, the court acknowledged the factors listed above and the respective positions of the parties. The court found that alimony was proper in light of the parties' twenty years of marriage, plaintiff's substantial assets, and plaintiff's gambling in the early years of the marriage despite defendant's concern for financial stability.

Although not mentioned by the court, it is undisputed by the parties that plaintiff's gross income is about $130,000 while defendant's is about $28,000, not including alimony. Plaintiff was forty-seven and defendant was fifty years old at the time of the divorce in 1989. Neither party claims to have any health problems. Neither party has a retirement plan, although plaintiff owns stock worth about $200,000—found not to be a marital asset—in a closely held corporation owned by his family. Plaintiff has worked in his family's business all throughout the marriage. Defendant has worked as a medical receptionist since about 1976.

Further, defendant admits that she was living with her male companion and that he was making all the payments on their Florida and Michigan condominiums.[1] Both properties are in defendant's and her companion's names, although defendant did not contribute to their purchase.

---

[1] This evidence was introduced for the explicit purpose of showing that defendant did not need any alimony.

There is little case law dealing with cohabitation and alimony. Further, all the cases we have found involve postdivorce motions to terminate alimony on the basis of cohabitation as a change in circumstances. See *Petish v Petish,* 144 Mich App 319, 321; 375 NW2d 432 (1985); *Kersten v Kersten,* 141 Mich App 182, 184; 366 NW2d 92 (1985); *Crouse v Crouse,* 140 Mich App 234, 238; 363 NW2d 461 (1985). Here, however—as in *Crouse*—there has been no change in circumstances because the cohabitation was taking place at the time of the divorce and was well known to both the court and the plaintiff. The question is, therefore, whether the trial court erred in awarding alimony under the circumstances of this case.

The cases cited above agree that, although cohabitation does not by itself constitute a change in circumstances, other related facts showing an improvement in the party's financial position might constitute a change in circumstances. *Petish, supra* at 322-323; *Kersten, supra* at 184-185; *Crouse, supra* at 239-240. Cohabitation, by itself, is not to be equated with remarriage. *Kersten, supra* at 184; *Crouse, supra* at 239; see also MCL 552.13(2); MSA 25.93(2) (alimony may be terminated upon remarriage). Common-law marriages were abolished in Michigan in 1957. MCL 551.2; MSA 25.2.

We note that, although plaintiff elicited testimony concerning the fact that defendant had no rent or mortgage expenses, there was no testimony regarding her financial dependency—if any—upon her live-in companion. She was not asked, for example, whether he pays all the utilities, buys the groceries, makes her car payments, or otherwise supports her. Thus, given the information on the record, especially the great disparity in income between the parties, we cannot conclude that the

decision to award defendant $250 a week in alimony was inequitable.

Plaintiff next argues that the trial court abused its discretion in awarding defendant $8,000 in accountant's fees. We disagree.

A divorce court may award a party "any sums necessary to enable the . . . party to carry on or defend the action, during its pendency." MCL 552.13(1); MSA 25.93(1). An appellate court will not reverse a decision to award fees absent an abuse of discretion. *Stackhouse v Stackhouse,* 193 Mich App 437, 445; 484 NW2d 723 (1992).

Here, the court found that an award of attorney's fees was warranted "[d]ue to plaintiff's ongoing resistance to payment of alimony throughout this lengthy [four year] action, as well as plaintiff's superior income and earning ability." The court then found that plaintiff should also pay $8,000 out of the $23,000 in accountant's fees incurred by defendant. Given the circumstances of this case, we cannot conclude that this was an abuse of discretion.

Affirmed.