# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA E. ZALEWSKI,

       Plaintiff-Appellee,

v

TERRY M. ZALEWSKI,

       Defendant-Appellant.

UNPUBLISHED
January 15, 2019

No. 339809
Livingston Circuit Court
LC No. 08-040877-DM

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order denying his motion for change of custody, modification of child support, and termination of spousal support, as well as the trial court's award of attorney fees to plaintiff related to the litigation of defendant's motion. We affirm in part, vacate in part, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties were divorced in April 2010, following a 21-year marriage. At the time the judgment of divorce was entered, they had three minor children. The judgment of divorce granted the parties joint legal custody of the children. Although the judgment also purported to grant joint physical custody of the children, it established defendant as the "primary custodian" of the oldest child and plaintiff as the "primary custodian" of the two youngest children. The parties stipulated to a uniform child support order providing that defendant would pay monthly child support of $1,000 at all times, regardless of the number of children entitled to support, and that defendant would pay plaintiff $1,000 per month in spousal support until plaintiff's death or remarriage.

In March 2011, defendant moved the trial court to modify his support obligations because of a change in his income. An adjusted child support order was entered on April 1, 2011, providing that defendant would make monthly payments of $711 when three children qualified for support (with the oldest residing with defendant), $1,060 when only two children qualified for support (on the premise that both children would be residing with plaintiff), and $691 when one child qualified (on the premise that that child would be residing with plaintiff). Shortly afterward, a modified spousal support order was entered reducing spousal support to $448 monthly.

-1-

In January 2017, defendant filed a motion seeking to have the trial court designate him as "primary custodian" of the parties' youngest child, who was 16 years old at the time, because the child was spending nearly 100% of his overnights at defendant's home. Defendant also sought modification of his child support obligation because of the change in the number of overnights and the fact that plaintiff was now employed full-time. Defendant sought termination of his spousal support obligation, because plaintiff had received an inheritance from her brother, her income had increased, and her needs had decreased as a result of cohabitating with Mike Lynch, who was paying all of plaintiff's living expenses.

Plaintiff responded to the motion, acknowledging that the child was primarily residing with defendant, but disagreed that there should be any change in custody or modification of support. Plaintiff argued that defendant was uncooperative when she requested that he send the child home for parenting time, allowing the child to choose whether he returned home or stayed with defendant. She additionally noted that spousal support had been awarded until she died or remarried, and that neither event had occurred. Furthermore, plaintiff claimed that defendant was in violation of the judgment of divorce in that he had failed to transfer a specific IRA account to plaintiff and to name plaintiff as an irrevocable beneficiary of a life insurance policy.

Over the course of the proceedings, defendant missed two evidentiary hearings—once due to illness and a second time due to a pre-planned vacation. At one point, defendant filed a motion to disqualify the trial court judge, which was denied by both the trial judge and on review by the chief judge. Plaintiff filed a motion requesting attorney fees incurred for defending against defendant's motion, asserting that she was unable to bear the costs of litigation. Following two days of evidentiary hearings on defendant's motion, in which the trial court heard testimony and reviewed exhibits submitted by the parties, including tax documents and the child's report cards, the trial court denied defendant's motion in full and awarded plaintiff attorney fees.

This appeal followed.

## II. TERMINATION OF SPOUSAL SUPPORT

Defendant first argues that the trial court clearly erred when it denied his motion for termination of spousal support. We disagree.

We review for clear error a trial court's factual findings relating to the modification of spousal support. *Beason v Beason*, 435 Mich 791, 805; 460 NW2d 207 (1990); *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012), (*Loutts I*). "A finding is clearly erroneous if the appellate court, on all the evidence, is left with a definite and firm conviction that a mistake has been committed." *Beason*, 435 Mich at 805. If the trial court's findings are not clearly erroneous, we must then decide whether the trial court's dispositional ruling was fair and equitable in light of the facts, *Loutts I*, 298 Mich App at 26, or constituted an abuse of discretion, *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). We also review for an abuse of discretion a trial court's decision whether to impute income to a party. *Loutts I*, 298 Mich App at 25-26. An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355. The trial court's

decision regarding spousal support must be affirmed unless this Court is firmly convinced that it was inequitable. *Id*.

An award of spousal support is subject to modification on a showing of changed circumstances arising since the divorce that justify a modification. MCL 552.28; *Lemmen v Lemmen*, 481 Mich 164, 166; 749 NW2d 255 (2008). The modification must be based on new facts or changed circumstances arising since the judgment of divorce. *Loutts v Loutts (After Remand)*, 309 Mich App 203, 213, 871 NW2d 298 (2015) (*Loutts II*). The party seeking to modify periodic spousal support has the burden of showing changed circumstances meriting modification and a justification for the modified award. *Gates v Gates*, 256 Mich App 420, 434-435; 664 NW2d 231 (2003).

In this case, the parties' most recent spousal support order stated that defendant would pay plaintiff $448 per month, and that spousal support would continue until "death of payee, remarriage, or further Order of the Court." Defendant argued before the trial court that plaintiff's ability to work, the needs of the parties, and defendant's ability to pay support had all changed. Furthermore, defendant argued that his income had decreased to $39,171 and that he therefore did not have the ability to pay spousal support. Plaintiff testified that she worked only 24 to 30 hours weekly and acknowledged that she had training in cosmetology that she did not use. Additionally, plaintiff testified that Lynch did not require her to pay rent or pay for utilities, and that Lynch paid the monthly car payment on the car they owned jointly.

The trial court found that no change in circumstances existed that warranted termination of spousal support. Defendant argues that the trial court clearly erred by so holding. We agree that the trial court erred by describing its holding as being based on a lack of change of circumstances, but find that error to be harmless. Defendant acknowledges that cohabitation alone is not a "changed circumstance" that will support a modification of spousal support award, but argues that other related facts showing improvement in the support recipient's financial condition demonstrate such a change. See, i.e., *Petish v Petish*, 144 Mich App 319, 322-23; 375 NW2d 432 (1985); *Kersten v Kersten*, 141 Mich App 182, 184; 366 NW2d 92 (1985).[1] Defendant argues that plaintiff's relationship with Lynch was such a change in circumstances, and that the trial court should have held an evidentiary hearing on the issue of spousal support. Yet it is clear from the record that the trial court did conduct a three-day evidentiary hearing on defendant's motion, in which it took testimony regarding both parties' living situations, income, ability to work, and other factors relevant to an award of spousal support. See *Ianitelli v Ianitelli*, 199 Mich App 641, 642-643; 502 NW2d 691 (1993). Defendant does not identify any specific information or testimony that he was prevented from providing to the trial court on this issue. Moreover, the trial court clearly based its ultimate decision on the respective positions of the parties in the interest of fairness and equity between them, not merely on the lack of a change of circumstances since the entry of the last support order. Therefore, despite the trial court's

---

[1] Published decisions of this Court issued before November 1, 1990, are not precedentially binding, MCR 7.215(J)(1), but may be considered as persuasive authority. *People v Barbarich*, 291 Mich App 468, 476 n 2; 807 NW2d 56 (2011).

statement that there was no change of circumstances that warranted modification, the trial court ultimately rendered its dispositional ruling on this issue on the merits after an evidentiary hearing.

The trial court's decision to deny defendant's motion was within its discretion. The record showed that plaintiff currently had no obligation to pay rent or a mortgage, and that plaintiff and Lynch jointly owned a vehicle for which Lynch made the payments. However, she testified that while Lynch occasionally "reimbursed" her for groceries and had twice paid her credit card statement, he did not give her money to spend however she wanted, nor did she and Lynch have any joint bank accounts. Plaintiff testified that she paid for the majority of groceries and gas, as well as her credit card bills and student loan payments. The trial court also noted a great disparity in income between the parties after a 21-year marriage. We are not firmly convinced that the trial court's decision to continue spousal support despite plaintiff's cohabitation was inequitable. *Woodington*, 288 Mich App at 355.

Defendant also argues that the trial court improperly imputed his present wife's income to him for the purposes of determining his spousal support obligations. The record does not support defendant's characterization of the trial court's statements. The trial court noted that while plaintiff's financial situation might have improved as a result of living with Lynch, defendant's financial situation had also improved and his household income had increased through the addition of his present wife's income. However, the trial court's statements only suggest that in comparing the current positions of the parties, both had benefited financially from having someone else enter their lives. There is no indication that the trial court actually imputed defendant's present wife's income to defendant when making its determination; in fact, when discussing the disparity between the parties' income, the trial court spoke specifically about defendant's income, not his present wife's.

The trial court did not abuse its discretion by denying defendant's request to terminate spousal support.

### III. MODIFICATION OF CHILD SUPPORT

Defendant next argues that the trial court erred by denying his motion for modification of his child support obligation. We agree.

Modification of a child support order is within the trial court's discretion and is reviewed for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355.

The parents of a minor child have a duty to support that child. MCL 722.3; *Paulson v Paulson*, 254 Mich App 568, 571; 657 NW2d 559 (2002). The purpose of child support is to ensure that a child's immediate needs are met on a continuing basis. *Milligan v Milligan*, 197 Mich App 665, 667; 496 NW2d 394 (1992). The assessment of support is based on the child's needs and circumstances, and each parent's ability to pay. MCL 552.605(2); *Paulson*, 254 Mich App at 571.

A trial court has the power to modify a child support order if a change in circumstances has occurred that justifies modification. *Kosch v Kosch*, 233 Mich App 346, 350; 592 NW2d 434 (1999). Reasonable grounds to review a child support order include "[t]emporary or permanent changes in the physical custody of a child that the court has not ordered," and "changed financial conditions of a recipient of support or a payer." MCL 522.517(1)(f)(*i*); MCL 522.517(1)(f)(*iv*). If there is a factual dispute concerning the circumstances relating to modification, the trial court must hold an evidentiary hearing to determine the factual issues. *Varga v Varga*, 173 Mich App 411, 415-416; 434 NW2d 152 (1988). Relevant factors to be considered include a change in physical custody. *Rohloff v Rohloff*, 161 Mich App 766, 769; 411 NW2d 484 (1987).

The 2017 Michigan Child Support Formula Manual (MCSF) recognizes "that as parents spend more time with their children, they will contribute a greater share of the children's expenses." 2017 MCSF 3.03(A). The MCSF requires that a Parental Time Offset be calculated on the basis of actual overnights with a parent even if that is contrary to an existing order regarding parenting time. 2017 MCSF 3.03(C)(4). Furthermore, 2017 MCSF 3.03(D) allows a parent to seek adjustment by filing a motion to modify the order whenever "a substantial difference occurs in the number of overnights used to set the order and those actually exercised (at least 21 overnights or that causes a change of circumstances exceeding the modification threshold (§ 4.04)). "The 'minimum threshold for modification' is 10 percent of the currently ordered support payment or $50 per month, whichever is greater." 2017 MCSF 4.04(A).

Plaintiff acknowledged that the child resided with defendant "at least 98 percent of the time" the previous year. The judgment of divorce did not provide a set parenting time schedule, but provided for "reasonable and flexible parenting time" for the noncustodial parent, "including alternating weekends and as many weekday visits as possible." Given the flexibility of the judgment of divorce on this issue, the trial court did not find that either party had specifically violated the judgment. However, the trial court denied defendant's motion because it believed that defendant's counsel had informed it that defendant did not seek a change in parenting time; the trial court stated that had defendant sought a change in parenting time, "[w]e should probably refer it then to the Friend of the Court for a review."

It is true that defendant did not seek a specific modification of the parenting-time provision of the judgment of divorce. However, as discussed below, defendant in essence sought to be established as having primary physical custody of the minor child. Moreover, defendant consistently asserted that the child-support order should be revisited because the number of overnights defendant had with the child had drastically increased in 2015. The previous child support order was based on the child spending 82 overnights at defendant's home. The difference in overnights was significantly more than 21 overnights, 2017 MCSF 3.03(D). Additionally, the trial court heard testimony that both parties' income had changed since the previous order. Accordingly, we find that the trial court abused its discretion when it denied defendant's request that child support be reviewed and recalculated because defendant had established reasonable grounds warranting review of the order. See MCL 522.517(1)(f)(*i*) and MCL 522.517(1)(f)(*iv*). We remand for recalculation of defendant's child support obligations based on the parties' current incomes and actual overnights with the child. A modification is appropriate if the difference between the current child support order and the recalculation meets the minimum threshold requirements. 2017 MCSF 4.04(A).

IV. CHANGE IN PHYSICAL CUSTODY

Defendant also argues that the trial court clearly erred by denying his request to be named "primary custodian" of the minor child. We agree that the trial court erred with respect to the grounds asserted for its denial, and remand for further proceedings on this issue.

We review the trial court's decision regarding whether a party has demonstrated proper cause or a change of circumstances warranting a change of custody to determine whether it is against the great weight of the evidence. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). We also review the trial court's finding regarding the existence of an established custodial environment under the same standard. *Pierron v Pierron*, 486 Mich 81, 85, 782 NW2d 480 (2010). A finding is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction. *Corporan*, 282 Mich App at 605. Furthermore, a trial court's decision on whether to change custody is reviewed for an abuse of discretion. *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017) (citations omitted). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355.

The Child Custody Act of 1970, MCL 722.21 *et seq*., governs child custody disputes between parents. *Mauro v Mauro*, 196 Mich App 1, 4; 492 NW2d 758 (1992). A custody award may be modified only upon a showing of proper cause or a change of circumstances establishing that the modification is in the child's best interest. MCL 722.27(1)(c); *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). Once proper cause and change of circumstances is shown, the trial court must determine whether the proposed change would modify the child's established custodial environment. *Pierron*, 486 Mich at 85. The purpose of this framework is to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks and citation omitted).

To constitute proper cause meriting consideration of a custody change, there must be appropriate grounds that have or could have a significant impact on the child's life, such that a reevaluation of custody should be made. *Id*. at 511. "To establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513 (emphasis in original). The determination that a change of circumstances has occurred should generally be made by considering the relevant statutory best-interest factors along with the facts presented. *Brausch v Brausch*, 283 Mich App 339, 355; 770 NW2d 77 (2009). When a modification of custody would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that the change is in the child's best interest. *Id*. at 357 n 7; MCL 722.27(1)(C). To be clear and convincing, the evidence must produce in the trier of fact a firm conviction as to the truth of the precise facts at issue. *Hunter v Hunter*, 484 Mich 247, 265; 771 NW2d 694 (2009).

Here, the trial court denied defendant's motion without making a determination regarding whether a change of circumstances or a change of custodial environment had occurred. Rather, the trial court appeared to believe that defendant sought a meaningless change in title, stating that "primary custodian" was nothing more than a "title" that "means nothing" and was not defined in

family law books. However, defendant's motion asserted, and defendant's counsel argued at the hearing, that a change in circumstances had occurred when the child began spending almost all of his overnights with defendant, and that defendant should be designated the parent with primary "control and custody" of the child, which the judgment of divorce designates as the "Primary Custodian." We conclude that defendant adequately set forth a claim for change of physical custody.

The Child Custody Act distinguishes between physical and legal custody. *Varran v Granneman (On Remand)*, 312 Mich App 591, 604; 880 NW2d 242 (2015). "Physical custody pertains to where the child shall physically 'reside.' " *Id*. (quotation marks and citation omitted). "[A]n award of physical custody primarily or solely to one party typically entails a situation in which the children receive physical care and supervision primarily from the parent awarded that status." *Lieberman v Orr*, 319 Mich App 68, 85; 900 NW2d 130 (2017). A reduction in a primary custodial parent's number of overnights with a child can amount to a change in physical custody. *Id* A review of the parties' judgment of divorce supports defendant's position that "primary custodian" was simply a designation to identify the party granted primary physical care and custody for each of the minor children. Therefore, regardless of the label defendant gave to his motion, defendant's request to be named the "primary custodian" was a request for a change in physical custody of the minor child in light of the fact that defendant had become the de facto parent from whom the child received physical care and supervision. See *id*. (noting that a motion to significantly reduce the overnight visits of a custodial parent was in actuality a motion to change primary physical custody).

Because defendant sought a change in physical custody, the trial court should have determined whether a change in circumstances existed warranting such a change. *Corporan v* 282 Mich App at 605. It is not clear from the record whether the trial court actually made such a determination, or whether its statements indicating a lack of change in circumstances and proper cause were based on its erroneous belief that defendant merely sought a meaningless title change. If the trial court found such a change in circumstances, the trial court then should have determined whether the child had an established custodial environment with one or both parents and whether a change in custody was warranted. *Brausch*, 283 Mich App at 355, 357 n 7. Instead, the trial court ignored the great weight of evidence establishing that a change of circumstances had occurred when defendant's home became the child's primary residence. *Corporan*, 282 Mich App at 605. Furthermore, the trial court abused its discretion by denying defendant's motion without any consideration of the best-interest factors. Accordingly, a remand is necessary so that the trial court may determine whether there has been a change in circumstances, where the child's established custodial environment is, whether a change in custody is warranted, and so that it may consider the best-interest factors in determining whether a change in custodial environment is appropriate.

V. ATTORNEY FEES

Defendant also argues that the trial court abused its discretion when awarding attorney fees to plaintiff. We disagree.

This Court reviews for an abuse of discretion a trial court's award of attorney fees in a divorce action. *Loutts II*, 309 Mich App at 215-216. However, findings of fact on which the

trial court bases such an award are reviewed for clear error. *Id*. at 216. "A finding is clearly erroneous if the appellate court, on all the evidence, is left with a definite and firm conviction that a mistake has been committed." *Beason*, 435 Mich at 805.

Attorney fees are not recoverable as of right in divorce actions. *Stackhouse v Stackhouse*, 193 Mich App 437, 445, 484 NW2d 723 (1992). However, MCR 3.206(D)(1)[2] permits a party to request attorney fees from the other party in a domestic relations proceeding, including post-judgment proceedings. The party requesting attorney fees must allege sufficient facts to show that "the party is unable to bear the expense of the action, and that the other party is able to pay." MCR 3.206(D)(2)(a).

"This Court has interpreted [MCR 3.206(C)(2)(a)] to require an award of attorney fees in a divorce action only as necessary to enable a party to prosecute or defend a suit." *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010) (quotation marks and citation omitted). Where a party is relying on assets for support, he or she is not required to invade those assets to satisfy attorney fees. *Id*. "[A] party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id*. However, this is "merely an example of one way a party may demonstrate an inability to pay," and evidence that a party's yearly income exceeds the amount owed in attorney fees is not dispositive of the issue. *Loutts II*, 309 Mich App at 217. A trial court should assess the particular facts and circumstances of each case and determine "whether, under the circumstances, [the party] would have to invade the same spousal support assets she is relying on to live in order to pay her attorney fees[.]" *Id*. at 217-218 (citation and quotation marks omitted).

When considering an attorney-fees award under these court rules, the trial court must make factual findings regarding the reasonableness of the fees incurred. *Reed v Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005). The party making the attorney-fees request bears the burden of proving that they were incurred and that they are reasonable. *Id*. When the opposing party objects to the reasonableness of the attorney-fees request, the trial court must conduct an evidentiary hearing to determine the services rendered and the reasonableness of those services. *Id*. at 166.

Defendant argues that the trial court erred by awarding attorney fees and costs under MCR 3.206(C)(2)(a) because plaintiff's yearly income exceeded the amount of the attorney fees and costs. However, this Court has held that this alone is not dispositive of a party's ability to pay attorney fees. *Loutts II*, 309 Mich App at 217. Plaintiff's request for attorney fees stated that her income is "minimal," and that she would be unable to defend the action unless the trial court awarded her attorney fees. Plaintiff asserted that there was a wide disparity in the incomes of the parties and that she was forced to incur attorney fees due to defendant's failure to appear at two evidentiary hearings. The trial court concluded that plaintiff's annual income was about

---

[2] At the time of the proceedings below, the court rule governing the award of attorney fees for domestic relations proceedings was MCR 3.206(C). The language of the rule is unchanged. See MCR 3.206, staff comment to 2018 amendment.

$22,000 annually, and that defendant's income exceeded $100,000 annually. Under these circumstances, the trial court's ruling that plaintiff was unable to pay, and that defendant was able to pay, plaintiff's attorney fees incurred in defending defendant's motion was not an abuse of discretion. See *Stallworth v Stallworth*, 275 Mich App 282, 288-289; 738 NW2d 264 (2007).

Additionally, the trial court awarded plaintiff attorney fees for defendant's failure to appear on the first day of the evidentiary hearing on defendant's motion for change of custody, modification of child support, and termination of spousal support, despite notice that the trial court did not approve of his request for an adjournment. The hearing was then adjourned as a result of defendant's absence. Although defendant asserts that, prior to the hearing, he had obtained plaintiff's counsel's agreement to adjourn and plaintiff's counsel's presence was only necessitated by the trial court's refusal to adjourn the hearing, time was expended in attending the hearings that were scheduled on defendant's motion. A trial court may award attorney fees "when the requesting party has been forced to incur expenses as a result of the other party's unreasonable conduct in the course of litigation." *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995). The trial court did not abuse its discretion in awarding plaintiff attorney fees related to this missed hearing, regardless of the parties' ability to pay.[3]

Regarding the reasonableness of the fees awarded, plaintiff's counsel presented itemized billing statements to the trial court. He testified that the billing statements were a true and accurate record of the time he had spent pursuing the matter and that his actions were necessary in response to defendant's and opposing counsel's actions. During the hearing on this matter, defendant's counsel agreed that the hourly rate charged by plaintiff's counsel was reasonable. Furthermore, despite the trial court's statement that plaintiff's counsel did not have to prove anything "other than to give me the bill," the trial court in fact conducted a hearing and permitted plaintiff's counsel to be cross-examined regarding the billing statements at issue. The trial court also independently reviewed plaintiff's billing statements and disallowed some billings related to defendant's motion to disqualify, given that the trial court had declined to award fees related to that motion. Finally, although defendant argues without elaboration that some of the attorney fees awarded were "incurred by [plaintiff] on her own Motion [sic]," the only motion filed by plaintiff in the relevant post-judgment time period was a request for attorney fees. We are not left with a definite and firm conviction that the trial court made a mistake in its determination that the fees awarded were reasonable. *Beason*, 435 Mich at 805.

## VI. REMAND TO A DIFFERENT JUDGE

Defendant also argues that this Court should remand the case to a different judge. MCR 2.003(C)(b) allows for disqualification of a judge for failure to adhere to the appearance of

---

[3] We note that the trial court stated that defendant's motion was "frivolous." To the extent that the trial court relied upon a finding of frivolousness for its award of attorney fees, that was clear error. See *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002); MCR 2.114(F); MCL 600.2591(3). However, because we agree with the trial court's determination regarding the parties' respective abilities to pay, we find any error to be harmless.

impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. Canon 2(A) states, in part, that a judge "must expect to be the subject of constant public scrutiny" and "must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen[.]" Canon 2(B) states that a judge "should promote public confidence in the integrity and impartiality of the judiciary" and "should treat every person fairly, with courtesy and respect." Although the trial court did express frustration with defendant and his counsel during the proceedings, and offered its opinion on certain matters (such as the appropriateness of defendant's choice of car for the child) that were irrelevant to the issues before it, we do not find that the trial court's statements rose to the level of actual or apparent bias. See *In re MKK*, 286 Mich App 546, 566-567; 781 NW2d 132 (2009) (stating that "[a] trial judge is presumed to be impartial and the party who asserts partiality has a heavy burden of overcoming that presumption", and that "a trial judge's remarks made during trial, which are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias."). We therefore decline to order that this case be remanded to a different judge.[4]

## VII. CONCLUSION

We affirm the trial court's order denying defendant's motion to terminate spousal support and its order awarding attorney fees to plaintiff. We vacate the trial court's order denying defendant's motion to change custody and to modify child support, and remand for further proceedings on those issues consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel

---

[4] In any event, it appears that this case was reassigned by the Chief Judge of Livingston County in June 2018.