BEATY v BEATY

Docket No. 92560. Submitted August 3, 1987, at Detroit. Decided April 4, 1988.

Plaintiff, William M. Beaty, and defendant, Alice M. Beaty, were divorced by order of the Wayne Circuit Court, Roland L. Olzark, J. Most of the marital property was divided approximately equally between the parties. Plaintiff, however, had vested pension rights in two pension plans, one contributory and one noncontributory. Neither party presented evidence at the divorce proceedings as to the present value of the pensions. The court, having no viable figures with which to work, awarded defendant a one-half interest in the value of the contributory pension plan, but ruled that plaintiff would retain sole ownership of the noncontributory pension plan. Defendant also was awarded $100 per month in alimony and plaintiff was ordered to provide health care insurance coverage for defendant for two years. Defendant appealed, challenging the court's division of plaintiff's vested contributory pension and its failure to award her any part of the value of the vested noncontributory pension.

The Court of Appeals *held:*

1. The trial court erred in not making a finding of fact as to the present value of plaintiff's contributory pension. The matter must be remanded to the trial court for a determination of whether plaintiff has correctly calculated and paid over to defendant one-half of the value of the contributory pension.

2. Defendant's request that the matter be remanded for the trial court to take testimony as to the present value of the noncontributory pension and to make an award to her of a portion of the value of the pension is denied. The court fairly distributed the assets, considering the circumstances and the lack of testimony as to the present value of the noncontribu-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 905-910.

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

tory pension. There is no reason to remand for a determination of the present value of the noncontributory pension and an award of a portion of that value.

Affirmed in part and remanded in part.

SHEPHERD, P.J., dissented from the majority's ruling on the noncontributory pension plan. He would hold that it is a marital asset and should be distributed in some manner. He would remand on this issue and order the court to fashion an appropriate remedy or, if the court's award of $100 per month alimony was intended to be in lieu of any interest in the noncontributory pension plan, to so state on the record.

1. DIVORCE — FINDINGS OF FACT — MARITAL ASSETS — PENSION RIGHTS.

A trial court in a divorce proceeding is required to make findings of fact as to the present value of contested marital assets, including the value of vested pension rights (MCR 2.517[A]).

2. DIVORCE — DISTRIBUTION OF ASSETS — RETIREMENT PENSIONS — BURDEN OF PROOF — VALUE.

A party in a divorce action who seeks to include an interest in a pension fund for allocation in the property settlement bears the burden of proving the reasonably ascertainable value of the interest in the fund; if the burden is not met, the interest should not be considered an asset.

3. DIVORCE — MARITAL ASSETS — DIVISION OF PROPERTY — EQUITY.

The only requirement for an award of marital assets in a divorce action is that the award result in a fair and equitable distribution of the marital assets.

*Logan, Huchla, Wycoff & Pentiuk, P.C.* (by *Dennis H. Miller* and *Charles E. Wycoff*), for plaintiff.

*James A. Kandrevas,* for defendant.

Before: SHEPHERD, P.J., and H. HOOD and T. M. BURNS,* JJ.

H. HOOD, J. On April 9, 1986, the trial court granted the parties a divorce. The parties had been married for twenty-eight years. The court

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

essentially divided the marital property equally between the parties. On appeal, defendant challenges the court's division of plaintiff's vested contributory pension from Ford Motor Company, where plaintiff has worked since 1957.

According to both parties, plaintiff has a vested contributory pension which entitles him to $376.16 per month at age sixty-five, and a vested noncontributory pension which entitles him to $604.15 at age sixty-five. These figures are found in a letter from the Ford Motor Company Pension Department dated February 27, 1985, and attached to both appellate briefs. However, a review of the record indicates that evidence of the present value of the pensions was not introduced at trial. Following defendant's testimony, counsel for defendant stated he had an accountant who was going to testify as to the present value of the pensions. However, the accountant was not yet in the courtroom. The court refused to wait for the accountant, noting that defendant failed to inform plaintiff that the accountant was going to testify.

The trial court expressed its exasperation over the limited record:

> This pension is the whole issue in this case, as I understand it, and neither one of you have got any concrete evidence by people under oath here or by stipulation from which I can reach a judgment on it.

In dividing the property, the court stated: "The court makes no distribution of the noncontributory one since it has no viable figures here with which to work." While that statement is true, it is also true that the court had no figures to be able to arrive at a value of the contributory plan. Nevertheless, it made a distribution of that plan by giving defendant one-half of the unspecified value.

The judgment of divorce itself divided only the contributory pension and reflects the fact that the trial court had little information to work with in dividing the pensions:

(9) The plaintiff shall pay to the defendant one-half of the value of the plaintiff's contributory pension plan with the Ford Motor Company. The plaintiff shall hold the remainder of his pension, both the contributory and the non-contributory share of his sole and separate property free of any claim, right, title or interest of the defendant therein.

Defendant was awarded $100 per week in alimony.

On appeal, defendant first argues that the trial court erred in not making a finding as to the specific value of the contributory pension plan. Defendant requests remand to the trial court for the court to take testimony as to the present value of the contributory pension plan and to make an equitable award of a portion of the pension. We agree that the trial court erred in not making a finding of fact as to the present value of the pension. Such a finding is required by MCR 2.517(A). However, on appeal, plaintiff claims he has provided an accounting and has paid over to defendant half the proceeds. We feel that remand is appropriate. Upon remand, the trial court is to determine whether plaintiff has correctly calculated and paid over to defendant one-half of the value of the contributory pension. We note the dearth of proofs at the trial as to the value of the pension. The court may wish to hear further proofs on the value or may wish to accept plaintiff's accounting. In any event, the trial court is to determine whether plaintiff has abided by its order to pay defendant one-half of the value of plaintiff's contributory pension plan.

Next, defendant claims that the court erred in not awarding her a portion of plaintiff's noncontributory pension. The party seeking to include a pension in the marital estate bears the burden of proving a reasonably ascertainable value; if the burden is not met, the interest should not be considered an asset. *Miller v Miller,* 83 Mich App 672, 677; 269 NW2d 264 (1978). In the instant case, defendant did not bear her burden of ascertaining the value, as defendant submitted no evidence through an actuary or accountant as to the value. Nor did defendant's attorney use the valuation method set forth in *Boyd v Boyd,* 116 Mich App 774; 323 NW2d 553 (1982).

Defendant relies on *Perry v Perry,* 133 Mich App 453; 350 NW2d 275 (1984). In *Perry,* the defendant husband had a noncontributory pension, and no attempt was made at trial by either party to place a present value on it. In the property settlement, the court split all the assets equally, but awarded defendant's pension entirely to the defendant. However, the court stated that its award of substantial alimony was in place of an award to the plaintiff of a portion of the pension. *Perry, supra,* p 456. This practice of awarding substantial alimony in place of a portion of the pension is allowed. *Boyd, supra,* p 783. The defendant appealed from the alimony award, and this Court remanded for the trial court to take testimony as to the present value of the pension and to apply equitable principles in setting the alimony in lieu of an award of the pension. *Perry, supra,* p 460.

In *Perry,* this Court, noting the trial court's decision to award alimony in place of a portion of the pension, remanded for a determination of the present value of the pension. In the instant case, the trial court did not state that it was awarding

alimony in lieu of a portion of defendant's noncontributory pension. The court merely stated it was not awarding a portion of the noncontributory pension because defendant did not present proofs as to its present value. Because defendant did not provide figures on the present value, the court was not obliged to award defendant a portion of the pension. *Miller, supra,* p 677.

*Perry* does not stand for the proposition, as defendant would like it to, that in all instances where no testimony is offered on the present value of a pension and no award of the pension is made, a remand is required for a determination of the present value of the pension and an award of the pension. Defendant cites no authority for the proposition that a noncontributory pension *must* be divided among the parties whenever one exists. This is not the law.

Defendant requests remand for the trial court to take testimony as to the present value of the noncontributory pension and to make an award of a portion of the pension. We decline to reward defendant's failure to produce evidence at trial as to the present value of the noncontributory pension by awarding defendant a second trial. MCR 2.611(A)(1) provides that a new trial may be granted for any of the following reasons:

> (a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.
> (b) Misconduct of the jury or of the prevailing party.
> (c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.
> (d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial.

(g) Error of law occurring in the proceedings, or mistake of fact by the court.

(h) A ground listed in MCR 2.612 warranting a new trial.

None of these grounds for a new trial exist in the instant case. We note also that the court awarded defendant an ample amount of the marital estate. The court ordered that the parties' marital home, Grass Lake property, motor home, money market funds, and United States savings bonds be sold and the proceeds divided. In addition, the court awarded defendant half of the parties' stock, household furnishings, and plaintiff's contributory pension. The court awarded defendant $100 per week alimony and ordered that plaintiff provide defendant with health care insurance coverage for two years. This Court reviews divorce cases de novo on the record. *Hatcher v Hatcher,* 129 Mich App 753, 760; 343 NW2d 498 (1983). This Court will not reverse the trial court's division of property unless it is convinced that it would have reached a different result had it been sitting in the lower court's position. *Id.,* p 764. The only requirement is that the award result in a fair and equitable distribution. *Id.,* p 767. In the instant case, considering the circumstances and the lack of testimony as to the present value of the noncontributory pension, we feel the trial court fairly distributed the assets. Actually, the court was more than fair, as it awarded defendant a portion of plaintiff's contributory pension in spite of the fact that defendant presented no testimony as to its present value. As we find the trial court's

property division was fair, we see no reason to remand for a determination of the present value of the noncontributory pension and an award of a portion of it.

The trial court's decision is affirmed in part and remanded in part, in accordance with this opinion.

T. M. Burns, J., concurred.

Shepherd, P.J. *(concurring in part and dissenting in part)*. I agree with the majority in every respect except its ruling on the noncontributory pension plan. I believe it is a marital asset and should have been distributed in some manner. In *Hatcher v Hatcher*, 129 Mich App 753; 343 NW2d 498 (1983), we held that the only basis for not considering a noncontributory pension plan as a marital asset would be the case where the employer could unilaterally terminate it. As long as funds are in the plan, it is no more difficult to distribute than the contributory plan. In *Hatcher*, the trial court held a distribution of the pension in abeyance until the husband received it and we affirmed. That is not the only possible solution but I believe that if the court can, as it did here, distribute the contributory plan, for which no value was proved, it can likewise fashion an appropriate remedy for the noncontributory plan.

The majority remands for a hearing to determine whether the husband complied with the order to give the wife one-half of the unspecified value of the contributory plan. That will necessarily involve proof of the value of that plan. I fail to see why we allow proof of the value of one plan on remand and not the other.

In recent years there have been several cases, including *Hatcher, Boyd v Boyd*, 116 Mich App 774; 323 NW2d 553 (1982), and *Perry v Perry*, 133

Mich App 453; 350 NW2d 275 (1984), that demonstrate the evolution of the doctrine that pensions are a marital asset, albeit one that may be difficult to value. An asset without a presently ascertainable value is, nevertheless, an asset.

In the case of real estate where no value is proved, trial courts have no problem ordering the asset held in joint names until it is sold. In *Hatcher*, the same trial judge who presided in the instant case ordered the noncontributory pension plan held in abeyance until it became a liquid asset. I would, on remand, order the trial judge to fashion a *Hatcher*-type remedy or any other appropriate remedy that would be equitable. If his award of $100 per month alimony was designed to be a substitute for an award of a portion of the value of the noncontributory pension plan, a record to that effect should be made. This proposition was argued on appeal, but the record does not substantiate it.