MAGEE v MAGEE

Docket No. 174283. Submitted April 9, 1996, at Detroit. Decided August 6,
1996, at 9:15 A.M.

William Magee brought an action in the Wayne Circuit Court against
Etta June Magee, seeking a divorce. The court, James R. Chylinski,
J., granted the divorce, awarded the parties' mobile home, its con-
tents, and one of the parties' vehicles to the defendant, and ordered
the plaintiff to make a lump-sum payment to the defendant to
assist her in paying off the amount owed on that vehicle. Because
there was no evidence concerning the value of the plaintiff's pen-
sion, the court awarded the plaintiff his entire pension and
awarded defendant alimony in the amount of $400 a month for the
first two years and $250 a month thereafter. The court indicated
that for the purpose of its rulings with respect to the property set-
tlement and the alimony, it had considered the fact that the plain-
tiff had supported the defendant's child and grandchild for a num-
ber of years. The defendant appealed, claiming that the court erred
in considering the plaintiff's support of her child and grandchild in
its division of the marital property and award of alimony, in setting
the award of alimony, and in awarding the plaintiff his entire
pension.

The Court of Appeals *held*:

1. Because the defendant has cited no authority to support her
claim that the trial court erred in considering the plaintiff's support
of the defendant's child and grandchild for the purpose of its deter-
mination of division of the marital property and its award of ali-
mony, the issue is deemed abandoned.

2. The main objective of alimony is to balance the incomes and
needs of the parties in a way that will not impoverish either party.
At the time of trial, the plaintiff's net income after deductions for
taxes, union dues, and vehicle payments was approximately $375 a
week and his housing costs were approximately $245 a month. The
defendant was unemployed, had a rent payment of $275 a month
for the lot on which the mobile home was located that was paid
under a state social assistance program, and had food and utility
bills of at least $200 a month. Thus, in the short run, even if the
defendant were employable, her lack of employment skills and the

absence of any assets that will produce any income made it unlikely that she would be able to maintain her modest lifestyle even with the enhanced alimony awarded for the first two years. Further, it is unlikely that she will be able to fund her future needs. Because the award of alimony appears to be less than that which the plaintiff had paid during the marriage for the lot rent and utilities on the marital home, the award of alimony was not even remotely just and reasonable under the circumstances. Accordingly, the alimony award must be reversed, and the matter must be remanded for a determination of the proper amount of alimony.

3. A party seeking to include a pension interest in a marital estate bears the burden of proving the reasonably ascertainable value of the pension. If that burden is not met, the pension should not be considered as an asset subject to distribution. However, where alimony is awarded as a substitute for a share of a pension, a remand may be appropriate to determine the value of the pension even if no valuation figures were provided to the trial court during trial. Because the trial court converted what it believed would be the defendant's equity in the pension into alimony and the matter is being remanded to the trial court for its reconsideration of what constitutes proper alimony under the circumstances, the parties should be permitted to introduce evidence of the value of the plaintiff's pension in the hearing on remand, and the court may revise the property distribution.

Reversed and remanded.

DIVORCE — PROPERTY DIVISION — PENSIONS — BURDEN OF PROOF — ALIMONY.

A party seeking to include a pension interest in a marital estate bears the burden of proving the reasonably ascertainable value of the pension; if that burden is not met, the pension should not be considered an asset subject to distribution; however, where alimony is awarded as a substitute for a share of a pension, a remand may be appropriate to determine the value of the pension even if no valuation figures were provided to the trial court during trial.

*Tuchow & Trahey Law Offices* (by *Gerald Trahey*), for the plaintiff.

*Gary A. Kozma, P.C.* (by *Gary A. Kozma*), for the defendant.

Before: Griffin, P.J., and Smolenski and L. P. Borrello,* JJ.

Smolenski, J. Defendant-wife appeals as of right a March 11, 1994, judgment of divorce. We reverse and remand.

At the time of trial, plaintiff-husband was sixty-three years old and defendant was fifty-eight years old. The parties had been married approximately thirty years. Although the parties had no children together, plaintiff had supported and assisted defendant in raising defendant's child and grandchild. Plaintiff had been employed at Ford Motor Company for twenty-seven years, while defendant had been employed only sporadically during the marriage.

The only issues at trial concerned the distribution of the parties' property and whether defendant was to be awarded alimony. At the conclusion of the trial, the court granted the parties a divorce. The court awarded defendant the parties' mobile home and its entire contents, which the court valued at between $14,000 and $15,000. The court also awarded defendant the equity in a 1989 automobile, valued at approximately $5,000, along with the remainder of the debt owed on that asset. In lieu of a share of plaintiff's pension, on which no proofs concerning its value were introduced, the court awarded defendant alimony in the amount of $400 a month for the first two years (through December 1995) and $250 a month thereafter for the remainder of defendant's life, or until either party passed away or defendant remarried. The court ordered plaintiff to make a lump-sum

---

* Circuit judge, sitting on the Court of Appeals by assignment.

payment of $800 to defendant to assist her in paying off the debt owed on the 1989 automobile. The court awarded plaintiff his entire pension. The court ordered that a 1991 truck and a 1993 motorcycle, on which the court placed no value because of the amounts owed on those assets, remain in plaintiff's name and that plaintiff be responsible for the payments on these assets. The court also ordered that plaintiff make available to defendant at her expense the COBRA benefits that were available through his employer. In making its dispositional rulings concerning the division of property and award of alimony, the court noted that it was considering the fact that plaintiff had supported defendant's child and grandchild for many years. The court also found that defendant was capable of being employed despite asserted problems with her back.

Defendant first argues that the trial court erred in considering plaintiff's support of her child and grandchild during the marriage in dividing the marital property and awarding alimony. However, defendant cites no case law or other authority for this argument. Therefore, the issue is abandoned. A party may not leave it to this Court to search for authority to sustain or reject its position. *Hover v Chrysler Corp*, 209 Mich App 314, 319; 530 NW2d 96 (1995); *In re Powers*, 208 Mich App 582, 588; 528 NW2d 799 (1995).

Defendant argues that the trial court's award of alimony was insufficient.

In deciding a divorce action, the circuit court must make findings of fact and dispositional rulings. *McDougal v McDougal*, 451 Mich 80, 87; 545 NW2d 357 (1996). On appeal, the factual findings are to be upheld unless they are clearly erroneous. *Id.* A dispo-

sitional ruling will be affirmed unless this Court is left with the firm conviction that it was inequitable. *Id.*

A divorce court has the discretion to award alimony as it considers just and reasonable. MCL 552.23; MSA 25.103; *Ianitelli v Ianitelli*, 199 Mich App 641, 642-643; 502 NW2d 691 (1993). Relevant factors for the court to consider include the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health and fault, if any, and all other circumstances of the case. *Id.* at 643; *Demman v Demman*, 195 Mich App 109, 110-111; 489 NW2d 161 (1992). The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party. *Hanaway v Hanaway*, 208 Mich App 278, 295; 527 NW2d 792 (1995).

In this case, we leave undisturbed the court's factual findings. The only question before us is whether the court's dispositional ruling concerning the award of alimony was inequitable. *McDougal, supra* at 87-88. The record in this case indicates that at the time of trial the lot rent for the parties' mobile home was $275 a month and plaintiff's utility and food bills were at least $200 a month. Defendant was not employed at the time of trial and was receiving food stamps and ADC payments because her granddaughter was living with her in the mobile home. Defendant testified that she received $13.50 a month. Defendant testified that the Department of Social Services was paying the lot rental for the mobile home but had discontinued paying the electric and gas bills. Defendant had been turned down for social security benefits because she had insufficient employment credits to qualify.

Plaintiff was earning approximately $45,000 a year or approximately $3,750 gross income a month. Plaintiff testified that his take-home pay was approximately $375 a week after deductions for taxes, union dues, and truck and motorcycle payments. Plaintiff testified that he was a boarder in a woman's home and that he was paying the woman's "utilities for the rent," which plaintiff estimated was approximately $245 a month ($100 a month for the gas bill, $45 a month for the telephone bill, $40 a month for the water bill, and $60 a month for the electric bill).

Under the divorce judgment, the disparity of the monthly incomes is great, leaving defendant unable to meet her monthly expenses even with the increased alimony for the first two years. For the short term, defendant's lack of significant employment skills makes it unlikely that she will find employment that will provide a sufficient income to maintain her modest lifestyle. In addition, because of the late start that defendant is getting in the work force and in the absence of social security benefits, it is unlikely that she will have sufficient retirement benefits to support herself.

It is difficult to see how the assets awarded to defendant, which produce no income, can be used to offset this situation. Although defendant was awarded the mobile home, the lot rental payments necessary to remain in the home are not much less than the amount that defendant would need to rent an apartment of equivalent size. On the other hand, if defendant sold the mobile home, the amount realized would likely only support her housing expenses for less than two years. The household furnishings appear to be of negligible value, and the automobile will be needed

for employment. Therefore, the assets awarded are not readily capable of assisting defendant with either her short-term or long-term living expenses. See, e.g. *Hanaway, supra* at 296-297. Where the primary value of these assets are to defendant in their present form, her need for cash flow is not eliminated.

In contrast, plaintiff's income will remain relatively constant. Although he will be paying defendant $400 each month for two years and $250 a month thereafter, these amounts appear to be less than he was previously paying for lot rent and utilities on the marital home. Therefore, while plaintiff will realize virtually no reduction in his financial position, defendant will be impoverished, at least in the short term, while she seeks significant employment.

We conclude that this arrangement does not meet the objective of balancing the incomes and needs of the parties to avoid impoverishing either party. *Id.* at 295. The alimony awarded in this case does not appear to be even remotely just and reasonable under the circumstances. *Ianitelli, supra.* We conclude that the trial court's dispositional ruling concerning the award of alimony was inequitable. *McDougal, supra.* Accordingly, we reverse the trial court's ruling concerning the award of alimony and remand the matter for a determination of the proper amount of alimony. On remand, the trial court shall consider the applicable factors. See *Ianitelli, supra; Demman, supra.*

Next, defendant argues that the trial court erred in awarding plaintiff's entire pension to plaintiff.

Pensions are considered part of the marital estate subject to award upon divorce. *Boonstra v Boonstra,* 209 Mich App 558, 561-563; 531 NW2d 777 (1995). Pensions may be distributed through either the divi-

sion of property or the award of alimony, depending on the equities and circumstances of the specific case. *Beaty v Beaty*, 167 Mich App 553, 557; 423 NW2d 262 (1988); *Keen v Keen*, 160 Mich App 314, 316-318; 407 NW2d 643 (1987), (After Second Remand), 194 Mich App 72 (1992). Generally, the party seeking to include a pension for distribution in the property settlement bears the burden of proving the reasonably ascertainable value of the pension. *Beaty, supra.* If that party does not meet this burden, then the pension should not be considered an asset subject to distribution. *Id.* However, where alimony is awarded as a substitute for a share of a pension, a remand may be appropriate to determine the value of the pension even if no valuation figures were provided to the trial court during trial. *Perry v Perry*, 133 Mich App 453, 458, 460; 350 NW2d 275 (1984).

In this case, no attempt was made by either party at trial to offer proofs concerning the value of plaintiff's pension. Generally, defendant would thus be precluded from seeking a portion of this asset. *Beaty, supra.* However, in making the property division, the court converted what it believed would be defendant's equity in the pension into alimony. In this case, we are remanding for reconsideration of the issue of alimony. Thus, on remand, we direct that the parties be permitted to introduce evidence of the value of plaintiff's pension at that proceeding. Cf. *Lee v Lee*, 191 Mich App 73, 76; 477 NW2d 429 (1991); see also *Perry, supra.* Because "the alimony award goes hand in glove with the property distribution,"[1] we also deem it advisable to grant the trial court the latitude

---

[1] *Jansen v Jansen*, 205 Mich App 169, 172; 517 NW2d 275 (1994).

to revisit the question of the property distribution and, if needed after reconsideration on remand, to revise the property distribution in accordance with the equitable principles enunciated in *McDougal, supra* at 88-89.

Reversed and remanded. We do not retain jurisdiction.