# STATE OF MICHIGAN

# COURT OF APPEALS

KATHRYN A. SYSWERDA,

        Plaintiff-Appellee,

v

GARY M. SYSWERDA,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2016

No. 327223
Allegan Circuit Court
LC No. 14-053373-DO

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant Gary M. Syswerda appeals as of right the March 30, 2015 judgment of divorce entered by Allegan Circuit Judge Margaret Zuzich Bakker dissolving the marriage between the parties, dividing their property, and reserving the issue of spousal support. We affirm.

On appeal, Gary claims that the trial court abused its discretion by distributing the parties' marital pension benefits without regard for the fact that plaintiff Kathryn Syswerda (Kathy) receives social security disability benefits. According to Gary, the distribution resulted in grossly disparate income streams and deprived Gary of the means to maintain his non-extravagant standard of living. In a divorce case, this Court reviews the trial court's findings of fact for clear error. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Draggoo v Draggoo*, 223 Mich App 415, 429; 566 NW2d 642 (1997). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Sparks*, 440 Mich at 151-152. "[T]he ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable." *Id*. at 151. This standard is applicable both to the division of marital property and to an award of spousal support. *Berger v Berger*, 277 Mich App 700, 727; 747 NW2d 336 (2008).

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). "The division need not be mathematically equal, but any significant departure from congruence must be clearly explained by the trial court." *Id*. When dividing property pursuant to a divorce, the trial court must consider the following factors wherever they are relevant to the circumstances of a particular case: (1) duration of the marriage, (2)

-1-

contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. *Sparks*, 440 Mich at 159-160. Where any of these factors "are relevant to the value of the property or to the needs of the parties, the trial court shall make specific findings of fact regarding those factors." *Id*. at 159. The trial court "may consider the parties' anticipated social security benefits as one factor, among others, to be considered when devising an equitable distribution of marital property." *Biondo v Biondo*, 291 Mich App 720, 731; 809 NW2d 397 (2011). In this case, Gary specifically disputes the disposition of the marital portions of the parties' pensions, arguing that each party should have been able to keep all of his or her own monthly pension benefits. However, "[p]ensions [or parts thereof that accrued during the marriage] are considered part of the marital estate subject to award upon divorce." *Magee v Magee*, 218 Mich App 158, 164; 553 NW2d 363 (1996); see MCL 552.18(1). "Pensions may be distributed through either the division of property or the award of alimony, depending on the equities and circumstances of the specific case." *Id*. at 164-165.

In this case the trial court made specific findings of fact regarding each of the nine *Sparks* factors. Gary, on appeal, does not contest the trial court's factual findings, with one exception. On appeal, Gary claims that the portion of the trial court's factual findings regarding the life status of the parties, in which the trial court stated Kathy's net monthly income was $1,318, was an error. It was uncontested at trial that Kathy received $1,831 each month from social security payments, as well as gross payments of $944.78 per month and net payments of $487.65 per month from her pension plan. The trial court found that Kathy's gross monthly income was $2,775.78 [$1,831 plus $944.78] but also stated that Kathy's net monthly income was "approximately $1,318.00." The latter number clearly appears to be a typographical error, rather than a mistaken finding erroneously relied upon by the trial court—Kathy's correct approximate net monthly income was $2,318 [$1,831 plus $487] and not $1,318. Thus, although an error is noted regarding the facts found, the disposition does not appear to have been relied upon by the trial court, and this Court is not left with a "definite and firm conviction that a mistake has been made." *Draggoo*, 223 Mich App at 429.

Based on its consideration of the *Sparks* factors, the trial court found that the property division in this case should result in an equal division of assets, including equal division of the pension benefits the parties accrued during their marriage. The parties do not dispute that pension benefits accrued during the marriage are subject to division, or that an equal division of the marital portion of the benefits means Kathy should receive $928.20 from Gary's pension payments each month. A monthly payment of $928.20 from Gary's pension benefits to Kathy results in the parties receiving equal halves of the portion of the total pension benefits that they both accrued during their marriage. According to Gary, though, the trial court erred because it failed to consider Kathy's social security income in distributing the assets. We disagree. The trial court was not only aware of, but it considered, Kathy's social security income when reaching its decision. In its finding regarding the health of the parties, the trial court noted that Kathy received social security disability payments, and in its finding regarding the life status of the parties, the trial court correctly stated that Kathy's "gross income per month is $2775.78, derived from social security and pension benefits." Thus, the record demonstrates that the trial court properly considered Kathy's "anticipated social security benefits as one factor, among

others, to be considered when devising an equitable distribution of marital property." *Biondo*, 291 Mich App at 731.

This Court will uphold the trial court's exercise of discretion in making its dispositive ruling dividing the parties' property unless this Court "is left with the firm conviction that the division was inequitable." *Sparks*, 440 Mich at 151. This case involved a 21-year marriage between the parties, who both participated in the care of each other's extended family and who did not allege fault. It is undisputed that Gary brought more money into the marriage, made a greater income during the marriage, paid most of the bills, and received a larger pension than Kathy. It is also undisputed that Kathy suffered from numerous medical problems, was bedridden and disabled from work, took multiple medications, and expected to undergo multiple surgeries. At the same time, Kathy provided assistance to her daughter and grandchildren. Conversely, Gary was retired, 54 years old, in good health, trained as a tool and die maker, and capable of employment. Gary did not provide support for others and did not describe any specific needs other than routine living expenses. Gary received a gross monthly income of $3,007.16 from his pension and Kathy received a gross monthly income of $2,775.78 from her pension and social security disability payments. While Gary argued that a division of assets that resulted in a portion of his pension benefit being paid to Kathy would reduce his monthly income to a level that could not sustain his current lifestyle, we find no error in the equitable division of the pensions. In light of all the above-referenced circumstances, particularly Gary's significant contributions to the marital estate and ability to work and Kathy's significant ongoing needs and inability to work, the equal distribution of the marital assets, including the marital portions of the pensions, was an equitable distribution. *Gates*, 256 Mich App at 423. Therefore, the trial court's division of the assets "should be affirmed" because we are not "left with a firm conviction that the division was inequitable." *Sparks*, 440 Mich at 151.

On appeal, Gary additionally claims that the trial court abused its discretion by failing to consider awarding spousal support as a means of balancing the parties' disparate income streams. It should be noted that Gary cites no authority to support his claim that property division and spousal support in a divorce must result in equal income streams for the division to be equitable, and this Court finds no such authority. The decision by the trial court regarding whether to award spousal support is reviewed for an abuse of discretion. *Berger*, 277 Mich App at 726. An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). "The objective of spousal support is to balance the incomes and needs of the parties in a way that will not impoverish either party, and support is to be based on what is just and reasonable under the circumstances of the case." *Id*. at 356.

In this case, the trial court found that spousal support was not requested by either party, and reserved the issue. At a motion hearing before it entered the judgment of divorce, the trial court stated that "[i]n regards to the issue of spousal support, it wasn't an issue that was presented in evidence. It may have been argued at the end of trial. There was no evidence and specific argument as to the level of spousal support." According to MCR 3.206(A)(6) "[a] party who requests spousal support in an action for divorce, separate maintenance, annulment, affirmation of marriage, or spousal support, must allege facts sufficient to show a need for such support and that the other party is able to pay." Gary argued before the trial court that if the trial court ordered that part of his pension be paid to Kathy, he should receive spousal support from

her to equalize their income streams, but he did not request a specific amount of spousal support and he did not support his request with evidence of his need or Kathy's ability to pay. In fact, in his trial brief, Gary specifically indicated that neither he nor Kathy had the ability to pay spousal support. Because Gary did not present evidence supporting his need for spousal support or Kathy's ability to pay it, the trial court's decision refusing to grant spousal support was not an abuse of discretion; it did not "fall[] outside the range of reasonable and principled outcomes." *Woodington*, 288 Mich App at 355.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter

-4-