# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MILANOWSKI,

Plaintiff-Appellant,

v

BRENDA BARLOW,

Defendant-Appellee.

UNPUBLISHED
August 21, 2018

No. 338793
Oakland Circuit Court
LC No. 2007-731294-DO

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals an order granting defendant's motion to release escrow funds to pay property taxes to the Bahamian government and to pay attorney fees for Bahamian counsel in this domestic relations dispute. We affirm.

On appeal, plaintiff argues that the trial court erred when it ordered plaintiff to pay all of the attorney fees for Bahamian counsel retained by defendant to dispute property taxes owed on marital property located in the Bahamas, known as "Villa Tatutina" (the villa), which was owned by both parties. Plaintiff claims error because he was not solely responsible for the property taxes, he did not cause the tax dispute, there was no evidence regarding plaintiff's ability to pay, and the trial court should have held an evidentiary hearing. We disagree.

A trial court's award of attorney fees and costs is reviewed by this Court for an abuse of discretion. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). " 'An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes.' " *Id*., quoting *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). This Court reviews findings of fact upon which the trial court bases an award of attorney fees for clear error. *Cassidy v Cassidy*, 318 Mich App 463, 479; 899 NW2d 65 (2017). " 'A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made.' " *Id*., quoting *Gates v Gates*, 256 Mich App 420, 432-433; 664 NW2d 231 (2003).

## I. JURISDICTION

Plaintiff asserts that this Court has jurisdiction over his appeal pursuant to MCR 7.203(A) as an appeal of right and that the attorney fees were awarded in the lower court pursuant to MCL 552.13 and MCR 3.206(C)(1). Defendant raises a jurisdictional challenge on appeal, arguing that the order appealed from is not a final order, and plaintiff should have filed an application for

-1-

leave to appeal. Defendant argues that the attorney fees were not awarded pursuant to MCL 552.13, MCR 3.206(C), or pursuant to MCR 2.403, 2.405, 2.625 or any other law or court rule required by MCR 7.202(6)(a)(iv) to be a final order.

Defendant refers to the order appealed from as a "postjudgment order" in her brief on appeal but then asserts that the order is not appealable as of right pursuant to MCR 7.202(6)(a)(iv) because attorney fees were not awarded or denied "under MCR 2.403 (governing the case evaluation process), 2.405 (offers of judgment), [or] 2.625 (governing taxable costs and frivolous actions under MCL 600.2591)." While we agree with defendant's interpretation of the court rule, we disagree with her application of it because defendant has not demonstrated that the postjudgment order requiring plaintiff to pay attorney fees does not fall under any other law or court rule.

"In domestic relations cases, attorney fees are authorized by both statute, MCL 552.13, and court rule, MCR 3.206(C)." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). MCL 522.13(1) provides:

> In every action brought, either for a divorce or for a separation, the court may require either party . . . to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency. It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver.

MCR 3.206(C) provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.
>
> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

MCR 7.202(6)(a)(iv) defines "final judgment" or "final order" in a civil case as "a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule."

The Bahamian attorney fees fall under MCL 552.13(1) because they were necessary for defendant to carry on and defend the ongoing and tumultuous litigation regarding the villa. The parties owed over $800,000 in back taxes, and when the trial court ordered defendant to take over all management duties of the villa, she hired a Bahamian attorney to dispute the amount of

taxes owed. This resulted in a substantial decrease in the amount of property taxes owed by the parties. In arguing that the legal fees did not fall under MCR 7.202(6)(a)(iv), defendant asserted that the Bahamian attorney fees are "more akin to costs and management fees than to the type of legal fees that are appealable by right pursuant to MCR 7.202(6)(a)(iv)." MCL 552.13 allows the trial court to award "costs" against either party, and may direct that such costs be paid out of property in the hands of a receiver. The court ordered that plaintiff be responsible entirely for the Bahamian attorney fees and ordered that the fee be taken from the escrow funds in the hands of the receiver that contained the remaining amount of proceeds from the sale of the commercial property owned by plaintiff. The lower court could take this action pursuant to MCL 552.13.

Additionally, defendant requested that the escrow funds be released to pay for the Bahamian attorney fees in her emergency motion, which was a postjudgment proceeding. MCR 3.206(C)(1). She argued that she was unable to pay for the fees because she was 78 years old, and plaintiff was still in arrears for payments due pursuant to the property settlement agreement; but, plaintiff was able to pay for the attorney fees because of the remaining amount in the escrow account, MCR 3.206(C)(2)(a). Thus, the order appealed from may properly be considered a postjudgment order awarding attorney fees under MCL 552.13 and MCR 3.206(C), and therefore, is appealable as of right pursuant to MCR 7.202(6)(a)(iv). Therefore, defendant's jurisdictional challenge on appeal fails.

## II. AWARD OF ATTORNEY FEES

In domestic relations matters, "attorney fees are not recoverable as of right . . . . [and] may be awarded only when a party needs financial assistance to prosecute or defend the suit." *Reed*, 265 Mich App at 164 (citations omitted). Attorney fees may also be awarded "when the requesting party has been forced to incur expenses as a result of the other party's unreasonable conduct in the course of litigation." *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995). Any award of fees is within the discretion of the trial court. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007).

In this case, plaintiff repeatedly violated the consent judgment of divorce and property settlement agreement by failing to make the required payments to defendant, and he repeatedly violated court orders requiring him to pay defendant, maintain the villa, and not interfere with defendant's time at the villa. Therefore, the trial court was justified in ordering plaintiff to pay the Bahamian attorney fees. The court ordered that plaintiff was solely responsible for the attorney fees because the tax dispute litigation greatly benefited plaintiff by decreasing the amount of property taxes owed by approximately $600,000. Thus, the court ordered that the attorney fees be paid from the escrow account that was funded by the sale of plaintiff's commercial property.

Although defendant received a disbursement from the escrow fund after the sale of the commercial property, the amount that plaintiff owed defendant continued to accrue under the property settlement agreement because the villa had not sold. "It is well settled that a party should not be required to invade assets to satisfy attorney fees when the party is relying on the same assets for support." *Gates*, 256 Mich App at 438. Defendant would have had to use her disbursement from the lien against the commercial property to pay the attorney fees. Pursuant to

-3-

the October 5, 2015 opinion and order, the lien would be used to satisfy the property taxes, but it did not account for the Bahamian attorney fees. Defendant incurred the Bahamian attorney fees due to the nonpayment of the property taxes for several years. Although the taxes were to be split between the parties upon the sale of the villa, the property was never sold. The villa was under the exclusive management and control of plaintiff from 2007 until 2015, and plaintiff was responsible for the ongoing expenses of the property. Although plaintiff was not required to pay the property taxes pursuant to the property settlement agreement during this time, it was not until defendant took over the management of the villa that the tax amount was disputed and reduced. Thus, the trial court's decision ordering plaintiff to pay the attorney fees was not an abuse of discretion.

In this case, the attorney fees are not fees associated with the representation in the divorce proceedings, but rather are costs associated with the distribution of marital assets. This Court has upheld orders requiring the payment of professional fees for other services necessary to enforcing the judgment of divorce. In *Ianitelli v Ianitelli*, 199 Mich App 641, 645; 502 NW2d 691 (1993), we affirmed the trial court's decision to require the plaintiff husband to pay a portion of the defendant wife's accountant's fees pursuant to MCL 552.13. We held that it was not an abuse of discretion for the trial court to order the accountant's fees be paid wholly by the plaintiff because those fees were incurred as a result of the plaintiff's resistance to pay the defendant alimony for four years. *Id*. In this matter, both parties incurred the tax bill for back taxes on the villa. However, defendant asserted that plaintiff purposely did not pay the tax bill. Plaintiff was charged with managing the property from 2007 to 2015 and, although not explicitly ordered to pay the taxes under the property settlement agreement, doing so was necessary to properly managing the property. Because the property taxes remained unpaid when defendant assumed management of the property in 2015, she was forced to hire Bahamian counsel to dispute the amount owed in taxes.

The trial court did not err in failing to hold an evidentiary hearing regarding the Bahamian attorney fees. Generally, the party who requests a postjudgment award of attorney fees must demonstrate that the attorney fees were reasonably incurred. *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009). "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed*, 265 Mich App at 166. However, "there is no error in failing to conduct an evidentiary hearing if 'the parties created a sufficient record to review the issue, and the court fully explained the reasons for its decision.' " *Cassidy*, 318 Mich App at 488 (citation omitted).

Although plaintiff argues that the trial court erred in failing to hold an evidentiary hearing, plaintiff never contested the Bahamian attorney fees in the lower court. Moreover, he did not contest them in his response to defendant's emergency motion to release the funds to pay the taxes and attorney fees, and he did not challenge them at the motion hearing. Plaintiff did not contest the billing invoice submitted by defendant. Rather, he argued that defendant should be required to pay 40% of the incurred attorney fees. Plaintiff praised the work of the Bahamian attorney and argued that the attorney's successful reduction of the property taxes demonstrated that it was appropriate that neither party ever paid the back taxes when they were miscalculated.

-4-

Because plaintiff never challenged the fact that the Bahamian attorney fees were actually incurred, or their reasonableness, the trial court was not required to hold an evidentiary hearing. *Reed*, 265 Mich App at 166.

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel